HARRIET E. BIGELOW *versus* LAVINIA LITTLEFIELD & *al.*

When partition of real estate held in common is to be enforced by legal process, the whole tract so held must be partitioned at the same time.

One tenant in common cannot enforce partition of part only of the common estate.

Nor does a conveyance by one tenant in common of his interest in a part only of the land thus held, authorize a co-tenant to enforce partition of such part against the grantor, leaving the residue unpartitioned.

PETITION FOR PARTITION.

The tract of land, sought to be partitioned, is bounded on the west, by a river, on the east, by the "Coburn line," so called, and through it, parallel with the river, runs the "river road."

Jan. 28, 1858, B. F. Bigelow, and Hiram Bigelow—husband of the petitioner,—each owned an undivided half of said tract of land, when B. F. Bigelow, by his quitclaim deed, conveyed his interest to the petitioner.

March, 1859, Hiram Bigelow—petitioner's husband—by his quitclaim deed conveyed all his "right, title and interest in and to" that portion of said tract lying between the "*Coburn line*" *and the* "*river road,*" to Luke Hilton, one of

the respondents—who, on the same day, conveyed, by his quitclaim deed and metes and bounds, a *part* of the portion conveyed to him by Hiram Bigelow, to Lavinia Littlefield, the other respondent.

*James Bell,* for petitioner.

*Coburn & Wyman,* for respondents.

The opinion of the Court was drawn by

WALTON, J.—This is a petition for partition, and the petitioner claims that, for some time prior to the 21st of March, 1859, she and her husband had been seized as tenants in common of a certain tract of land in Skowhegan; that he, on that day, by a deed of quitclaim, conveyed all his right, title and interest in a portion of the land (describing it by metes and bounds,) to Luke Hilton; that Hilton afterwards, on the same day, conveyed by metes and bounds a part of the land conveyed to him, to Lavinia Littlefield; that, by·means of these conveyances, she (the petitioner) became a tenant in common with Luke Hilton and Lavinia Littlefield, (the respondents,) of that portion of the land which her husband had thus conveyed to Hilton, and entitled, as matter of right, to have it partitioned, and her portion of it set out to her in severalty. She does not ask to have the whole tract partitioned, but only that portion of it which her husband conveyed to Hilton.

The evidence in the case shows that the respondents paid a full consideration, not for an undivided half merely, but for the whole of the land which the petitioner claims to have partitioned, and believed they were getting a good title to it; and if the petitioner asked to have the whole tract partitioned their title could be protected by setting out to the husband as his portion that part of the land held by these respondents, and the remainder to the wife; or, if the land held by the respondents is more than the husband's portion, the title of the respondents could be protected to the full extent of the husband's interest in the whole tract.

But this she has not thought proper to do. She does not ask that partition may be made of the whole tract in which she claims to be a tenant in common, but only of that portion held by the respondents ; and, if she could succeed, she would take from them one half of the land for which her husband has been paid the full value. . But she cannot succeed.

When partition of real estate held in common is to be enforced by legal process, the whole tract so held must be partitioned at the same time. One tenant in common cannot enforce partition of part only of the common estate. Nor does a conveyance by one tenant in common, of his interest in a part only of the land thus held, authorize a co-tenant to enforce partition of such part against the grantee, leaving the residue of the estate unpartitioned. Such a course would lead to fraud and oppression, as this case fully illustrates.

These familiar and well settled rules of law are decisive of the case against the petitioner ; and it is unnecessary to decide upon the validity of her title ; for, taking the most favorable view of it for her, she is not entitled to have the prayer of her petition granted. *Duncan* v. *Sylvester,* 16 Maine, 388, and other cases cited by the respondents' counsel. *Petition dismissed with Costs for respondents.*

APPLETON, C. J., CUTTING, DAVIS and BARROWS, JJ., concurred.