Grady and others, Appellants, vs. Maloso and another, imp., Respondents.

*March 12 — March 27, 1896.*

*Partition of lands: Tenants in common: Parties: Joinder of causes of action.*

Where two separate parcels of land were owned in common by several persons who acquired their rights by descent from and under the same intestate, one of them, who has retained his undivided interest, may maintain a single action for the partition of both parcels, and may join as defendants therein all persons who have acquired any interest in such premises or any part of them as subsequent purchasers from any of his cotenants; and there will be no misjoinder of causes of action merely because some of such defendants have a direct interest in one only of said separate parcels.

APPEAL from an order of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

The plaintiffs *Michael Grady* and *Mary Royal* brought this action against the defendants, James Cannon, Albert E. Dedolph, *John Maloso, George Hazer* (administrator of the estate of Isaac Brown, deceased), and Mattie L. Cottrell and Edmund H. Gibson (as executors of the will of Horton Cottrell, deceased), for the partition of lot 9 in block 6, and lot 3 in block 14, in Millerd & Taft's plat of the city of New London, Waupaca county, of which premises Michael Grady died seised, September 8, 1860, leaving a widow, Hannah Grady, surviving, who died in 1891, and eight brothers and sisters surviving, as his heirs at law, one of whom, John Grady, died in 1871, intestate, leaving the plaintiffs as his heirs at law; and it seems clear that the plaintiffs succeeded to an undivided one-eighth interest, at least, as his heirs, which descended to their father from the said Michael Grady in 1860.

The statements of the complaint as to the conveyances

and the descent of their interests in the premises are extremely uncertain, obscure, and confusing. It is alleged, however, as a matter of fact, that the parties to the action have the following undivided estates in the premises: (1) The plaintiff *Michael J. Grady*, one undivided one-seventh; (2) the plaintiff *Mary Royal*, one undivided one-seventh; (3) the defendant James Cannon, an undivided five-sevenths of the west half of lot 9; (4) the defendant Albert E. Dedolph, an undivided five-sevenths of the east half of lot 9; (5) the defendant *John Maloso*, an undivided five-sevenths of lot 3. It is further alleged that a mortgage was given by *John Maloso*, August 6, 1892, to Isaac Brown, now deceased, on lot 3, for the sum of $175, now held by the defendant *George Hazer*, as administrator of the estate of the said Brown; that the defendant Albert E. Dedolph executed a mortgage on the east half of lot 9, but to whom is not stated, which was afterwards assigned to the defendants Mattie L. Cottrell and Edmund H. Gibson, as executors of the last will of Horton Cottrell, deceased. The plaintiffs prayed judgment for partition according to the rights of all the parties; and that the interest of the plaintiffs be set off freed from the lien of said mortgages; and that if partition could not be had without material injury to the interests of the parties, then that a sale of said lots be made and a division of the proceeds be had between the parties, etc.

The defendants *John Maloso* and *George Hazer*, administrator, etc., demurred on the ground, among others, that several causes of action had been improperly united. Upon argument, the court made an order sustaining the demurrer on the ground thus assigned, giving the plaintiffs the right to amend on payment of costs, from which order the plaintiffs appealed.

*F. C. Weed*, for the appellants, argued, among other things, that if several persons have distinct and separate interests in the subject matter, but the interests of each and all are

founded on one and the same basis, and depend on the determination of one central point in the case, all of such persons may be joined and made parties defendant. Fitnam, Trial Proc. § 344; *Hamlin v. Wright*, 23 Wis. 491; *Leinenkugel v. Kehl*, 73 id. 238; *Hunnewell v. Taylor*, 3 Gray, 111. It is a rule in partition that where one decree will dispose of the whole case, and the rights of all the parties can be adjusted in the decree, the court will entertain jurisdiction necessary to adjust the whole matter. *Young v. Edwards*, 33 S. C. 404; *Barnes v. Lynch*, 151 Mass. 510; *Harlan v. Langham*, 69 Pa. St. 235; *Whitton v. Whitton*, 38 N. H. 127; *Bigelow v. Littlefield*, 52 Me. 24; Story, Eq. Jur. § 656c; *Morse v. Stockman*, 65 Wis. 36. See, also, *Parker v. Harrison*, 63 Miss. 225.

For the respondents the cause was submitted on the brief of *Phillips & Hicks*.

PINNEY, J. It is reasonably clear that the interest in the lots which the plaintiffs took by descent from their father, as one of the eight heirs, was not less than one undivided eighth part of the whole, and, whether one eighth, one seventh, or two sevenths, they have ever since retained it. They, therefore, became seised with their co-heirs of the lots in question, as tenants in common; and they had an undivided interest and title, as such, in and to every part and portion of both lots, and, as against their cotenants and others interested in said lots, or either of them, or any part of either of them, had a right to maintain an action for partition, and to have their share or interest set off to them respectively, in severalty; and they have this right still, as against all persons who have acquired an undivided interest in said premises, or any part of the same, as subsequent purchasers from any or either of their cotenants. The plaintiffs and their cotenants acquired their rights by descent from and under the same intestate. The complaint for partition in

this case states but a single cause of action, and, though it relates to two lots, still it relates to matters of the same nature, and having a connection with each other, and in which all of the defendants are more or less concerned, though their rights in the general subject may be distinct; and the defendants who demur and who are interested only in lot 3 were, we think, properly joined as defendants in this action to set off to the plaintiffs in severalty their respective interests in both lots. As stated in *Douglas Co. v. Walbridge,* 38 Wis. 179, 189: "All the matters are more or less connected, and all the defendants are more or less concerned or interested in them." The point in issue being the right of the plaintiffs to have their interest thus acquired in both lots set off to them in severalty, all the defendants have a common interest centering in this point in issue in the cause. *Fellows v. Fellows,* 4 Cow. 682, 701. The grounds upon which the action rests are not, for the reasons stated, entirely distinct and unconnected by reason of the fact that partition is sought of two lots and in one of them only the defendants demurring are interested as tenants in common with the plaintiffs. As was said by Mr. Justice DOWNER in *Blake v. Von Tilborg,* 21 Wis. 673: "According to all the authorities, a complaint does not improperly unite several causes of action which relates to matters of the same nature all connected with each other, and in which all the defendants are more or less interested or concerned, though their rights in respect to the general subject of the action may be different, and some may be directly interested only in a part of the general claim."

In *Brinkerhoff v. Brown,* 6 Johns. Ch. 139, the subject is fully discussed by Chancellor KENT, and the same conclusion is maintained; and the case of *Douglas Co. v. Walbridge,* 38 Wis. 179, 189, is really decisive of the question involved. *Winslow v. Dousman,* 18 Wis. 456. The precise point in question was decided in *Parker v. Harrison,* 63 Miss. 225,

Grady and others vs. Maloso and another.

which was a suit for partition, where the complainant was a cotenant of all the lands sought to be partitioned, and she brought before the court the grantees of her former cotenant, so that their interests would be protected; and the court held that it is the right of one of several cotenants to convey his interest in the whole or a part of the joint estate, but it is not allowable for a cotenant to split the joint estate into fragments, and to necessitate as many suits for partition as there may be conveyances, and that he who has a joint interest in the several parcels may proceed as though no conveyance had been made by any of his cotenants, and bring all the parties in interest before the court, which will do justice between the parties according to their several rights. The same rule, substantially, is stated in Story, Eq. Jur. §§ 656c, 657; *Story v. Johnson*, 1 Younge & C. Exch. 538; *S. C.* 2 Younge & C. Exch. 586. In Massachusetts and other states, where proceedings in partition are by petition with substantially the same scope as an action for that purpose, the same doctrine prevails; and it is held that a conveyance by one tenant in common of his interest in part only of the common estate will not authorize a cotenant to enforce partition of such part against the grantee, leaving the residue unpartitioned. *Barnes v. Lynch,* 151 Mass. 510; *Barnes v. Boardman,* 157 Mass. 479; *Bigelow v. Littlefield,* 52 Me. 24.

The statements as to the time of the deaths of some of the parties, and the date of some of the conveyances, and in other respects, are so vague and uncertain that it is impossible to say, under the statute of descents governing the case, how much greater interest, if any, than one eighth the plaintiffs have in the two lots. The complaint ought to have been more definite and certain.

The demurrer was improperly sustained.

*By the Court.*— The order appealed from is reversed, and the cause is remanded for further proceedings according to law.