(No. 19119.—)
WILLIAM H. SHOUP *et al.* Appellees, *vs.* ETTIE M. CUM-
MINS *et al.*—(ETTIE M. CUMMINS, Appellant.)

*Opinion filed April 20, 1929.*

S. H. CUMMINS, for appellant.

ROBERT MATHENY, HENRY A. CONVERSE, DOYLE,
SAMPSON & GIFFIN, C. TERRY LINDNER, and BARBER &
BARBER, for appellees.

Mr. Justice Dunn delivered the opinion of the court:

William H. Shoup and Lucy D. Shoup filed their bill in chancery in the circuit court of Sangamon county on June 28, 1927, for the partition of a farm of 248 acres, known as the Cotton Hill farm, of which their father, Samuel N. Shoup, died seized on March 10, 1886, and of another farm of 160 acres, known as the Pawnee farm, of which their mother, Alice J. Shoup, died seized of an undivided seven-twentieths on May 16, 1926. Both the father and mother died intestate, the father leaving Alice J. Shoup, his widow, surviving him, and his children, William H., Ettie May, Harry S. and Lucy D., his heirs, and the mother leaving no surviving husband but leaving her son William and her daughters, Lucy D. and Ettie May, who had married S. H. Cummins, her heirs. Her son Harry S. having died intestate, leaving no child or descendant and no widow, but leaving his mother, his brother William and his two sisters his heirs, his mother inherited from him two-fifths of the one-fourth interest which he had inherited from his father, being one-tenth of the Cotton Hill farm. The titles to the two tracts were not connected in any way. The title to the Cotton Hill farm was inherited from the father of the complainants and the defendant Mrs. Cummins and is still held by his heirs or by their heirs or grantees. The title to the other tract was held by William Mourer, who died intestate and whose title by various conveyances among his heirs became vested in Alice J. Shoup and her two sisters, Maryland V. Southwick and Georgetta Gatton, in the proportion of seven-twentieths each in Mrs. Shoup and Mrs. Southwick and six-twentieths in Mrs. Gatton. The complainants filed an amended bill and a second amended bill, to the last of which Mrs. Cummins demurred generally and specially. Her demurrer was overruled and she elected to stand by it. Answers were filed by the other defendants, the cause was referred to a master, who took the evidence and reported it with his conclusions, and a decree of parti-

tion of both tracts was rendered in accordance with the prayer of the bill, from which Mrs. Cummins has appealed.

The second amended bill, on which the cause was finally heard, showed the title of the Cotton Hill farm in Samuel N. Shoup, its descent to his heirs, and the subsequent changes by which the title became vested prior to January 25, 1917, in his three surviving children, who are parties to the bill; the filing by William H. Shoup on that day of a bill for the partition of the farm, to which his mother and his two sisters were defendants, as cause general No. 33773, on which a decree of partition was rendered at the May term, 1918, adjudicating that Alice J. Shoup was the owner in fee of an undivided one-tenth of the farm and each of the other parties of the undivided three-tenths, all subject to the dower and homestead of Alice, and appointing commissioners to make partition; the report of the commissioners assigning homestead and dower, finding the premises not susceptible of partition without manifest prejudice to the parties in interest, and appraising the value of each parcel. No appeal or writ of error was prosecuted to review that decree and no partition or sale of the real estate was made under it. The amended bill further shows that after the rendition of the decree Alice J. Shoup, at the September term, 1918, of the circuit court of Sangamon county, recovered a judgment for $8734.37 against William H. Shoup upon which an execution issued, under which all the interest of William in the Cotton Hill farm was sold to Alice, to whom a sheriff's deed was executed on March 2, 1921; that on November 14, 1919, Alice filed in the partition suit a plea in bar, alleging her recovery of the judgment against William and the sale under execution on the judgment of William's interest in the land and that the complainant no longer has any right, title or interest in the real estate sought to be partitioned, all of which she pleaded in bar to the further maintenance of the suit for partition and prayed the judgment of the court whether or

not the cause should be dismissed; that upon the hearing of such plea it was ordered, adjudged and decreed that Alice have judgment on the plea as prayed, that the cause be dismissed, the decree of partition vacated, and that Alice pay the costs; that Alice died on May 16, 1926, and that the complainants and Mrs. Cummins are seized in fee simple of the Cotton Hill farm as tenants in common, William being seized of the undivided eight-sixtieths and Lucy D. Shoup and Mrs. Cummins each being seized of the undivided twenty-six-sixtieths. The bill further showed that at the time of her death Alice J. Shoup was seized in fee simple of an undivided seven-twentieths of the Pawnee farm, that Mrs. Gatton was seized of an undivided six-twentieths, and that Mrs. Southwick was seized of an undivided seven-twentieths, and that by reason of the death of Alice the complainants and Mrs. Cummins were each seized in fee simple of the undivided seven-sixtieths of that real estate, Mrs. Gatton being seized of the undivided eighteen-sixtieths and Mrs. Southwick of the undivided twenty-one-sixtieths, and the aforesaid premises were the only real estate owned in common by the parties to this suit. The bill further averred that the complainants were without remedy in the premises except in a court of equity and prayed that the defendants might answer the bill, the oath being waived; that a division and partition of the premises might be made according to the rights and interests of the parties; that the court might review the decretal order theretofore entered in cause general No. 33773 and grant such relief to the parties in the cause from such decretal order and the judgments and liens therein adjudicated and determined as the court should deem meet and proper, and for such other and further relief as equity might require and to the court should seem meet.

The appellant contends that her demurrer should have been sustained to the second amended bill because it was multifarious in seeking to have the decree rendered at the

May term, 1918, in cause No. 33773, for the partition of the Cotton Hill farm, reviewed and in the same bill to have adjudicated the alleged rights of strangers in the land in no way connected with that decree, and that the bill improperly unites the cause of action against the appellant for the partition of a tract of land owned by her and the complainants only, with a cause of action for the partition of a tract of land owned by the appellant, the complainants and the defendants Mrs. Southwick and Mrs. Gatton, neither of whom has any interest in the other tract.

The right of any one or more of several tenants in common to compel by bill in chancery a partition of the land held in common is absolute, subject to certain well recognized modifications of the right, none of which has any application here. There is no question of the title to either tract of land in this case. William H. Shoup, Lucy D. Shoup and Ettie M. Cummins are the owners in fee of the Cotton Hill farm. No other person has any interest in it. The partition of it concerns them alone. They also own in fee simple, in equal shares, the undivided seven-twentieths of the Pawnee farm, but the other thirteen-twentieths are owned in fee simple by Mrs. Southwick and Mrs. Gatton, who have no interest in the Cotton Hill farm. Each of the Shoup heirs has a cause of action for the partition of the Cotton Hill farm and no other person is a proper or necessary party to it. Each of them has also a cause of action for the partition of the Pawnee farm, but it is an entirely different cause of action, having a different subject matter and concerning other parties (Mrs. Southwick and Mrs. Gatton) who have the same cause of action for partition and are not only proper but necessary parties to the partition of that land and are unnecessary and improper parties to the suit for the partition of the other land. The two causes of action are as distinct as suits to foreclose two mortgages given by different makers on different tracts of land. The fact that a man owns a dozen tracts of land,

each held in common with a different person, does not authorize him to include them all in one suit for partition, making all his twelve co-tenants in the separate tracts parties defendant. It is only lands, tenements or hereditaments held in joint tenancy, tenancy in common or co-parcenary which may be the subject of a suit in partition. It is only one or more of the persons interested who may compel partition, and every person having any interest, whether in possession or otherwise, who is not a petitioner, is required to be made a defendant. A partition suit concerns only the persons interested in the land and no other persons are proper parties, and all the parties must be co-tenants of all the land sought to be partitioned, except in the case to be hereafter mentioned.

There is no case in Illinois within our knowledge where a proprietor of two or more tracts of land acquired through different chains of title and held in co-tenancy, each tract with a different co-tenant, has been permitted by one bill to bring all the co-tenants of all the different tracts into court for the partition of all the tracts by one decree; neither do we know of any case which has decided expressly that this could not be done, perhaps for the reason that nobody has ever thought it could be done and attempted to do it. The rule was announced by the Supreme Court of Massachusetts in *Hunnewell* v. *Taylor*, 3 Gray, 111, as follows: "The question now raised is this: Can a petitioner who holds two parcels of land in different proportions, one as co-tenant with A and the other as co-tenant with A, B and C, have judgment for partition of both on one petition? And we have no doubt that he cannot. Nor could he even if he owned the same proportional part in each parcel. If he holds with the same co-tenant or co-tenants different parcels in different proportions, as, half of one and two-thirds of another, he may have partition of both on one petition. In such a case there would be no misjoinder. But by the amendment which this petitioner has made of his petition there is a mis-

joinder, which must defeat him. The holder of a note against A and also a note against A, B and C might as well bring one action on both notes and recover judgment thereon." The same rule was announced in *Prentiss' case*, 7 Ohio, (pt. 2) 129; *Smith* v. *Pratt*, 13 id. 548; *Harman* v. *Kelley*, 14 id. 502; *Middlecoff* v. *Cronise*, 155 Cal. 185; *Reckefus* v. *Lyon*, 69 Md. 589; *Jackson* v. *Myers*, 14 Johns. (N. Y.) 354; *Havens* v. *Seashore Land Co.* 57 N. J. Eq. 142; *Brownell* v. *Bradley*, 16 Vt. 105; *Pankey* v. *Howard*, 47 Miss. 83; *Simpson* v. *Wallace*, 83 N. C. 477. The exception to this rule which has been mentioned is, that partition of two or more parcels of real estate may be made in one proceeding if the title to all the parcels sought to be partitioned is derived from a co-tenancy as a common source of title, though some of the co-tenants, parties to the proceeding for partition, may be interested in only one or some of the parcels and not in all. (*Middlecoff* v. *Cronise*, *supra*; *Harlan* v. *Langham*, 69 Pa. St. 236; *Parker* v. *Harrison*, 63 Miss. 225; *Garret* v. *Weinberg*, 43 S. C. 36; *Grady* v. *Maloso*, 92 Wis. 666.) This exception to the rule is said in *Middlecoff* v. *Cronise*, *supra*, to be based "on the universally accepted doctrine that one co-tenant can not by a conveyance of his interest in a portion of the property held in common, etc., prejudice the rights of his co-tenants. The grantee or successor of such a co-tenant simply steps into the shoes of his grantor, subject to all the rights of the other co-tenants and their successors as to partition. For all purposes of partition the whole property originally held in common by the co-tenants, whether consisting of one or any number of parcels, continues to be a unit,—the subject matter of a single action,—just as if no change in the ownership of any interest therein had occurred, and in such action the respective rights of all the parties interested, original co-tenants and successors, may be determined. In such a case a necessary party defendant may be a co-tenant only as to one of the parcels involved,

and the fact that he is not interested in the other parcels is no ground of objection to the joinder in one action of the various parcels of land. In such a case there is but one cause of action stated,—the partition of a single lot of real property originally held in common, and for all the purposes of the proceeding still so held." One co-tenant may not convey his interest in the common property to the prejudice of the other co-tenants, and hence the grantee of a co-tenant is treated in an action for partition as a co-tenant of the entire property. *Parker* v. *Harrison, supra; Garret* v. *Weinberg, supra.*

The case of *Baird* v. *Jackson,* 98 Ill. 78, upon which the appellees rely, is not contrary to the general rule that in a partition suit all the parties must be co-tenants of all the land sought to be partitioned but is clearly within the exception to that rule—where the title to all the parcels sought to be partitioned is derived from a co-tenancy as a common source of title. It appeared in that case that the ancestor died owning tracts of land designated as the Dearborn street property and the Twelfth street property, which descended to his three children, two sons and a daughter. One of the sons acquired the interest of the daughter and conveyed to a third person the undivided two-thirds of the Twelfth street property. The other brother brought suit for the partition of both properties. The complainant was therefore co-tenant with his brother of the Dearborn street property and was co-tenant of the Twelfth street property with the purchaser of the two-thirds interest therein, but that purchaser had no interest in the Dearborn street property, and the brother, who was a defendant, had no interest in the Twelfth street property. The chief contest in that case was over the question of fact as to the forgery of two deeds which the complainant sought to have set aside as forgeries, but it was also urged that the bill was multifarious because of the fact that no one of the defendants claimed an interest in both the Dearborn street property

and the Twelfth street property. The court, after quoting from Story on Equity Pleading, to the effect that there was not any positive, inflexible rule as to what was fatal on demurrer and that courts have always exercised a sound discretion in determining whether the subject matters of a suit are properly joined or not, and whether the parties, plaintiffs or defendants, are properly joined, and that each particular case must to some extent depend on its own facts, having reference to former decisions and being governed by analogies, stated: "It seems to us that there was no error in disallowing the demurrer." The decision was right, and it came within the exception to the rule which has been recognized in the cases which have been cited, sustaining the joinder of different parcels under the circumstances existing in that case. There was no consideration of the rule to which the facts in that case were an exception. No case has been cited where a joinder of different parcels has been sustained where one or more of the co-tenants was not a co-tenant of all the parcels, unless the common source of title was a co-tenancy as to all the property involved.

The present case comes under the general rule and the appellant's demurrer should have been sustained. The case is not one of mere misjoinder of defendants who have no interest in the cause of action or in the subject matter. It is a case of misjoinder of causes of action having no connection with one another. Such causes of action cannot be joined, and though the objection may be waived and a decree by default perhaps might not be void, yet a defendant, if the objection is promptly made, cannot be called upon to answer a bill stating two distinct, independent and disconnected causes of action.

The appellees cite the case of *Golden* v. *Cervenka,* 278 Ill. 409, in which it was said: "The bill and cross-bill are multifarious. This objection was made and overruled in the circuit court. We would not, after a full hearing on the merits, reverse the decree for that cause, alone. Since

the decree is to be reversed for other reasons we pass upon this question. Much latitude is allowed to the sound discretion which may be exercised in determining whether causes of action or parties, or both, are properly joined in a single bill." The decision in that case is not applicable to the facts in this case. In the present case there was no full hearing on the merits, but the appellant, having made the objection at the first opportunity, stood by her demurrer and a decree was rendered against her as by default. In *Golden* v. *Cervenka, supra,* the cause was directed to proceed, after the remandment, to a separate hearing on each branch of the case, so that, in fact, the objection for multifariousness was sustained and the causes were required to be conducted as two separate and independent suits. The causes of action stated in the bill are not of such a nature as to give rise to the independent equity jurisdiction to prevent a multiplicity of suits, which arises where unconnected parties having a common interest centering in the point in issue in the cause may unite in the same bill, but the bill seeks relief as to two distinct subjects having no connection with or dependence on each other and presents two distinct collocations of distinct and different facts, each presenting different rights and calling for different relief.

The bill is multifarious not only because of the improper joining of tracts of land in some of which all the parties are not co-tenants, but because of the improper joining of the cause of action to review the decree adjudicating the rights of the owners of the Cotton Hill farm at the May term, 1917, in case No. 33773 with a cause of action to partition the Pawnee farm, whose owners, except the owners of the Cotton Hill farm, had no interest in the decree sought to be set aside or the rights adjudicated by that decree. That decree finally determined the respective interests of the parties to that suit, and the fact that those parties were co-tenants with others in another parcel of real

estate did not authorize any one or more of the parties to the decree to file a bill for the partition of such other land and to join with it also a claim to set aside the adjudication by the former decree and have another decree of partition of the land involved in that decree. That decree of partition was a final adjudication of the rights of the parties, each of whom was entitled to the benefit of the adjudication, and the court had no power to vacate, alter or amend it at a subsequent term in November, 1919.

The second amended bill showed no cause for the review of this decree, and the attempt to have it reviewed had not even a remote connection with the partition of the tract of land known as the Pawnee farm.

The decree is reversed and the cause is remanded, with directions to sustain the appellant's demurrer to the second amended bill. *Reversed and remanded, with directions.*