RosalÍA VillarÍN, Plaintiff and Appellant, v. Juan SuÁrez et al., Defendants and Appellees.

No. 6677. Argued April 4, 1935.—Decided July 26, 1935.

*A. Marín Marién* for appellant. *A. Agosto* and *R. Barbosa* for appellees.

Mr. Justice Wolf delivered the opinion of the court.

██ Rosalía Villarín and Juan Suárez Correa were divorced by the District Court of San Juan on the 7th of September 1933. Rosalía Villarín then brought the present action. She alleged substantially that at the time of the dissolution of the marriage Juan Suárez possessed certain real estate, that of said property the said defendant, before the dissolution, transferred a certain house in San Juan to Valentín Blanch, married to Isabel Matías; that the transfer was made without consideration to prejudice plaintiff; that the grantees were not ignorant of the ganancial character of the land transferred; and that plaintiff did not consent to the transfer. The nullity of the transfer was prayed. Besides Suárez, Blanch and his wife were made parties to the suit.

The defendants all demurred on the ground of an undue joinder of parties and of actions. Suárez besides demurred,

alleging that the complaint was ambiguous, etc., and did not state a cause of action. The court sustained the demurrers on all grounds.

We are inclined to agree with the appellant that the matter of ambiguity was not well alleged and not clearly decided, but this would become merged, we think, in the question of the sufficiency of the cause of action.

On the theory that the property was ganancial, we are of the opinion that there was no improper joinder of parties or of causes of action. Everyone in the case was affected by the supposed transfer and all parties do not have to be affected equally. Section 104, Code of Civil Procedure; *Battle* v. *Torruella*, 39 P.R.R. 188; *Asociación de Señoras, etc.* v. *Diana et al.*, 18 P.R.R. 752; *Grady* v. *Cannon*, 66 N.W. 808; *Williams* v. *Crabb*, 117 Fed. 193, 202. Perhaps the complaint is not well entitled when it says "Liquidation of Ganancial Property." Nevertheless, the fundamental theory was for cancellation or nullity.

■■ On the other hand, we agree with the court that the complaint did not state a cause of action. The fact that the husband, during the marriage, at or after its dissolution, owned certain property does not show that such property is ganancial; nor does any presumption arise from the complaint that it is.

Sections 1319 and 1322 of the Civil Code are as follows:

"Section 1319. The useful expenses made on behalf of the private property of either one of the spouses through advances made by the partnership or by the industry of husband or wife are partnership property.

"Buildings constructed during the marriage, on land belonging to one of the spouses shall also belong to the partnership, but the value of the land shall be paid to the spouse owning the same.

"Section 1322. All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife."

Section 1322 states a presumption which might have availed plaintiff at a trial, but does not dispense with the necessity

of alleging the ganancial character. Facts from which the ganancial character arises should have been alleged.

The judgment should be affirmed without prejudice to the right of plaintiff to ask leave to amend.

Mr. Justice Córdova Dávila took no part in the decision of this case.