Agnes D. Myers, Appellant, v. Quincy A. Myers and Cora L. Myers, Appellees.

Gen. No. 45,121.

Heard in the first division of this court for the first district at the February term, 1950. Opinion filed June 19, 1950. Released for publication September 7, 1950.

TIMOTHY J. MURTAUGH, of Chicago, for appellant.

SEAGO, PIPIN, BRADLEY & VETTER, of Chicago, for appellees; MARSHALL A. PIPIN and JOHN H. MARTIN, both of Chicago, of counsel.

Mr. Justice Niemeyer delivered the opinion of the court.

Plaintiff appeals from an order quashing service by publication and dismissing her suit.

 The original complaint, consisting of one count, sought damages for alienation of affections. By amendment a count in equity was added. No personal service was had on defendants, who are nonresidents. Publication was had, the notice containing, in addition to the matters required by the statute (sec. 14 of the Civil Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 138; Jones Ill. Stats. Ann. 104.014]), a recital that plaintiff's suit prayed that the court decree that defendant Cora L. Myers holds title to the premises described, as trustee for the use and benefit of plaintiff and Kenneth W. Myers, her husband, jointly, and for an order directing the defendant Cora L. Myers and her husband to reconvey to plaintiff and her husband, jointly, the premises described, and for other relief. Defendants filed a special and limited appearance for the purpose of quashing this service. By the section of the statute above mentioned service by publication is limited to civil actions affecting property or status within the jurisdiction of the court, including an action to obtain the specific performance, reformation, or rescission of a contract for the conveyance of land, or in any action at law to revive a judgment or decree. Plaintiff's equity action is within the statute, and the sufficiency of the service by publication as to that action is not and cannot be attacked. The trial court entered an order that unless within ten days plaintiff shall elect to and does strike from her amended complaint that portion relating to the action at law, and "in writing filed herein shall limit herself to the *in rem* action against the real estate described in Count II of the amended complaint, the service by publication in this case shall be quashed and the above suit shall

408

be dismissed''; but that if plaintiff shall within ten days elect as aforesaid, strike from her complaint the portions above mentioned and in writing limit herself to the *in rem* action, "the service by publication in this case as to but only as to the *in rem* action . . . is hereby sustained, and the defendants' motion to quash is to that extent overruled but in all other respects sustained.'' Plaintiff did not comply with this order, and after the expiration of ten days the court quashed the service by publication and dismissed plaintiff's suit.

The provisions of the statute (sec. 44 of the Civil Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 168; Jones Ill. Stats. Ann. 104.044]) permitting the joinder of legal and equitable causes of action are for expedition in disposition of the business of the court. *Borman v. Oetzell,* 382 Ill. 110. In that case an equitable action presenting issues reviewable on direct appeal to the Supreme Court was joined with an action at law reviewable on appeal to the Appellate Court only, and it was held that it was not the purpose of the statute to change jurisdictional requirements for direct review in the Supreme Court, but that it was the duty of the trial court to preserve the identity of each separate and distinct action so that each cause would on appeal be taken to the court having jurisdiction thereof. So in the instant case, the joinder of an action *in rem* with an action *in personam* does not change the law requiring personal service of process within the jurisdiction in actions *in personam*. The service by publication being sufficient to give the court jurisdiction of the nonresident defendants in the *in rem* action but insufficient to give the court jurisdiction of such defendants in the *in personam* action, the identity of each separate and distinct action should be preserved so as to permit the defendants to appear and defend the *in rem* action without submitting to the

409

jurisdiction of the court in the *in personam* action. The statute and Rule 11 of the Supreme Court [Ill. Rev. Stat. 1949, ch. 110, par. 259.11; Jones Ill. Stats. Ann. 105.11] relating thereto give the court ample power to do this. Defendants should be permitted to enter a special and limited appearance for the sole and only purpose of contesting the *in rem* action, and their motion to quash the service by publication should be construed as such limited appearance. *McQuillen v. National Cash Register Co.*, 112 F. 2d 877. No proceedings should be permitted in the *in personam* action unless personal service on the defendants within the jurisdiction of the court is had or a general appearance is entered by the defendants. In no event should an unfounded action *in rem* be used as a trick or device to lure nonresident defendants into the state for the purpose of personal service in an action *in personam*. Under authority of the *McQuillen* case the court could strike that portion of the complaint relating to the *in personam* action. The court, however, is without authority to require the plaintiff to dismiss her action *in personam* as a condition precedent to proceeding with the action *in rem*. Such dismissal would estop plaintiff from questioning the court's ruling on appeal. *Turner v. Jarboe,* 145 Kan. 202. Although we believe the question is without merit, plaintiff is entitled to have it reviewed.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*

TUOHY, P. J., and FEINBERG, J., concur.