Benjamin H. Johnson, Appellant, v. Frank Johnson et al., as Trustees of Estate of William H. Johnson, Deceased, and Homer Johnson et al., as Executors of Will of William H. Johnson, Deceased, Appellees.

Gen. No. 10,770.

Second District.

April 6, 1955.

Released for publication April 26, 1955.

L. D. Spaulding, Jr., of Princeton, for appellant.

Sears & Streit, of Chicago, John G. Boyle, Jr., of DeKalb, and Pool & Langer, of Ottawa, for appellees; Barnabas F. Sears, and Lloyd J. Tyler, Jr., both of Chicago, John G. Boyle, Jr., of DeKalb, Ernest H. Pool, of Ottawa, of counsel.

PER CURIAM:

This is a complaint for partition by Benjamin H. Johnson, plaintiff, against Frank Johnson, Homer Johnson, Alice Johnson Foushee, Gray Johnson, Clay Johnson, Ruth Johnson Dremann, Elvira Johnson, Effie Johnson, Mary Johnson Bartlett, Dorothy Pearl

■

Sarver, and Homer Johnson, Frank Johnson and Alice Johnson Foushee, as trustees of the estate of William H. Johnson, deceased, and Homer Johnson, Frank Johnson and Alice Johnson Foushee, as executors of the will of William H. Johnson, deceased, defendants.

The complaint, which is not divided into separate counts, seeks to partition three separate tracts of real estate, all situated in Bureau county, Illinois, designated therein, respectively, as Tracts I, II, and III. Tract I consists of approximately 235 acres, Tract II consists of approximately 12½ acres, and Tract III consists of approximately 80 acres. Although all the tracts are in the same township and range—Township Seventeen (17) North, Range Eight (8) East of the Fourth Principal Meridian—they are each in different Sections, Tract I being in Section Twenty-one (21), Tract II being in Section Thirty-three (33), and Tract III being partly in Section Twenty-nine (29) and partly in Section Thirty (30).

The complaint alleges that the plaintiff and all of the defendants, including the defendants Effie Johnson, Mary Johnson Bartlett, and Dorothy Pearl Sarver, are the owners, in fee simple, as tenants in common, of Tracts I and II, in various respective fractional undivided interests. But, the complaint alleges that the plaintiff and all of the defendants excepting and not including the defendants Effie Johnson, Mary Johnson Bartlett, and Dorothy Pearl Sarver, are the owners, in fee simple, as tenants in common, of Tract III, in various respective fractional undivided interests.

It appears that Mary Jane Johnson owned Tracts I and II and died intestate, seized thereof, on July 26, 1936, leaving her husband William H. Johnson, and her nine children as her heirs, one of whom is the plaintiff herein, and the others of whom (except Harry H. Johnson, who subsequently died) are among the defendants; one of her children and heirs, the said Harry H. Johnson, died intestate, seized of an undivided interest in

455

Tracts I and II, on December 3, 1941, leaving his widow, Effie Johnson, and his two children, Mary Johnson Bartlett and Dorothy Pearl Sarver, as his only heirs, those latter three parties, Effie Johnson, Mary Johnson Bartlett, and Dorothy Pearl Sarver, being the same three parties as are referred to above as being among the defendants and who have certain undivided fractional interests in those Tracts I and II, but not, as will be pointed out, in Tract III; William H. Johnson, the surviving husband of Mary Jane Johnson, died, testate, November 20, 1944 and devised his interest in Tracts I and II (and in Tract III, also, as hereinafter referred to) to certain trustees who are among the defendants herein.

It further appears that Thomas Bowen originally owned Tract III, and on June 20, 1879, he deeded it to the above Mary Jane Johnson, his daughter, for life, remainder to her children. She had nine children, one of whom, as stated above, is the plaintiff, and the others of whom (except Harry H. Johnson) are among the defendants; Harry H. Johnson on December 27, 1933 deeded his interest in Tract III to his father, William H. Johnson; Mary Jane Johnson, the life tenant in Tract III, died, as stated above, July 26, 1936; her husband, William H. Johnson, grantee of Harry H. Johnson, died, as stated above, testate, on November 20, 1944, and devised his interest in Tract III (as also his interest in Tracts I and II) to the same certain trustees, referred to above, who are among the defendants herein.

There appears to be no controversy as to the facts or the allegations thereof in the complaint. The defendants Effie Johnson, Mary Johnson Bartlett, and Dorothy Pearl Sarver, are among the owners as cotenants in common of certain undivided interests in Tracts I and II, along with the plaintiff and the other defendants, but those three defendants have no interest at all in Tract III and are not cotenants in com-

456

mon of any interests in that tract, the cotenants in common of Tract III being the plaintiff and the other defendants exclusive of Effie Johnson, Mary Johnson Bartlett, and Dorothy Pearl Sarver. The cotenants in ·common of Tracts I and II, on the one hand, are not the same as the cotenants in common of Tract III, on the other hand. The chains of title as to Tracts I and II, on the one hand, and Tract III, on the other hand, are different. And the titles to Tracts I and II, on the one hand, and Tract III, on the other hand, are not derived from an original cotenancy as an original common source of title.

Some of the defendants entered their appearances. Others are in default. As to the remaining defendants —the above referred to Effie Johnson, Mary Johnson Bartlett, and Dorothy Pearl Sarver, together with Elvira Johnson, Clay Johnson, and Ruth Johnson Dremann—they filed motions to dismiss the complaint on the grounds, in substance, that different tracts of real estate are sought to be partitioned in one proceeding, some of the cotenants in certain tracts have no interest in the other tract, a common cotenancy does not exist in all the tracts, the titles to all are not derived from a cotenancy as a common source of title, the chains of title are different, and the complaint is multifarious.

The complaint and motions to dismiss were argued in the trial court February 15, 1954. Evidently before the court made any formal determination thereof the plaintiff orally moved "that this action for partition, if you should find it to be multifarious, be severed, and separate proceedings had, the first proceedings to involve Tracts 1 and 2, and the second proceeding to involve Tract 3, all as appears in the complaint." That motion was denied. Then the court on that date entered an order granting the motions to dismiss, and dismissing the cause for want of equity, the plaintiff apparently standing on the complaint and not request-

ing any leave to amend. The plaintiff's notice of appeal indicates he appeals from the order dismissing the cause and prays that it be reversed and remanded and the motions to strike the complaint be ordered overruled. The plaintiff's errors relied upon for reversal in this court are "1. That the Court erred in dismissing plaintiff's action for partition upon the grounds that the complaint was multifarious; 2. That if said action for partition was multifarious, the Court erred in denying plaintiff's motion to sever said action."

The Partition Act of 1949, Ch. 106, Ill. Rev. Stats. 1953, pars. 44, 45, 46, 48, and 71 [Jones Ill. Stats. Ann. 109.490(4), 109.490(5), 109.490(6), 109.490(8), 109.490 (31)], being a revision of the Partition Act of 1874, provides, so far as material:

"44. Compelling partition—Venue.

"When lands, tenements, or hereditaments are held in joint tenancy or tenancy in common, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof by complaint in chancery in the Circuit or Superior Court of the county where the premises or part of the premises are situated, provided if lands, tenements or hereditaments held in joint tenancy or tenancy in common are situated in two or more counties, the venue may be in any one of such counties, and the Circuit or Superior Court of any such county first acquiring jurisdiction shall retain sole and exclusive jurisdiction.

"45. Complaint.

"The complaint shall particularly describe the premises sought to be divided, and shall set forth the interests of all parties interested therein, so far as the same are known to the plaintiffs, including tenants for years, for life, or in dower, and of all persons entitled

458

to the reversion, remainder or inheritance, and of every person who, upon any contingency, may be or become entitled to any beneficial interest in the premises, so far as the same are known to the plaintiffs, and shall pray for the division and partition of the premises according to the respective rights of the parties interested therein, or, if a division and partition of the same cannot be made without manifest prejudice to the owners; that a sale thereof be made and the proceeds divided according to the respective rights of the parties, and such complaint shall be verified by affidavit.

"46. Parties defendant.

"Every person having any interest, whether in possession or otherwise, who is not a plaintiff shall be made a defendant to such complaint.

"48. Judgment.

"The court shall ascertain and declare the rights, titles and interest of all the parties to such suit, the plaintiffs as well as the defendants, and shall give judgment according to the rights of the parties.

"71. Procedural provisions.

"The provisions of the "Civil Practice Act", approved June 23, 1933 as amended, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder except as otherwise provided in this Act."

Under the applicable cases, it seems to be well settled that in a partition suit all the parties plaintiff or defendant, so far as owner parties are concerned, must be cotenants of all the real estate sought to be partitioned, with one exception to be noted later—that a plaintiff who is a cotenant with one group of cotenants of one tract of real estate under one chain of title and who is also a cotenant with another and different group of cotenants of another tract of real estate under a different chain of title cannot seek partition of the two

tracts on one complaint in one suit which seeks to bring in as defendants all the separate groups of co-tenants of each separate tract—such is a misjoinder of distinct, independent causes of action having no connection with one another, and the complaint is multifarious. Separate tracts of real estate held in co-tenancy may be included in one partition suit only where all the cotenants are interested in all the tracts, subject to the exception to be noted hereinafter.

The exception to the general rule is that partition of two or more separate tracts of real estate may nevertheless be had on one complaint in one suit even though some of the cotenants, who are parties, of one tract are not cotenants of and not interested in the other tract, if, and provided, the title to all the separate tracts is originally derived from an original cotenancy as a common source of title. The reason for the exception is that one original cotenant cannot, by a conveyance of his interest in one of the tracts, prejudice the rights of his cotenants to have a partition in one suit of all the tracts. The successor or grantee of such cotenant simply steps into the shoes of his grantor, subject to the rights to partition of the other cotenants. For the purposes of partition, the whole property—all the tracts—originally held in common, continues, under those circumstances, to be a unit, the subject matter of a single action, just as if no change of ownership of any interest had occurred, and in a single action the rights of all interested parties, original cotenants and successors, may be determined.

In Shoup et al. v. Cummins et al. (1929) 334 Ill. 539, the two plaintiffs, William H. Shoup and Lucy D. Shoup, and one of the defendants, Ettie M. Cummins, were the sole tenants in common of one tract of real estate called the Cotton Hill farm; those plaintiffs and that defendant together with two other defendants, Maryland V. Southwick and Georgetta Gatton, were the sole tenants in common of another separate tract

of real estate called the Pawnee farm, but the defendants Southwick and Gatton had no interests in the Cotton Hill farm; the chains of title for each tract were different, and the titles were not derived from an original cotenancy as a common source of title; the plaintiff sought to partition both tracts in one suit; the defendant Ettie M. Cummins, the appellant, demurred to the second amended bill, which was overruled; the court held the demurrer should have been sustained, and reversed and remanded the decree. There was another point involved in the case, but, so far as material here the court said, pp. 543–544, 545, 545–546, 547, 548:

". . . The fact that a man owns a dozen tracts of land, each held in common with a different person, does not authorize him to include them all in one suit for partition, making all his twelve co-tenants in the separate tracts parties defendant. It is only lands, tenements or hereditaments held in joint tenancy, tenancy in common or co-parcenary which may be the subject of a suit in partition. It is only one or more of the persons interested who may compel partition, and every person having any interest, whether in possession or otherwise, who is not a petitioner, is required to be made a defendant. A partition suit concerns only the persons interested in the land and no other persons are proper parties, and all the parties must be co-tenants of all the land sought to be partitioned, except in the case to be hereafter mentioned.

"There is no case in Illinois within our knowledge where a proprietor of two or more tracts of land acquired through different chains of title and held in co-tenancy, each tract with a different co-tenant, has been permitted by one bill to bring all the co-tenants of all the different tracts into court for the partition of all the tracts by one decree; neither do we know of any case which has decided expressly that this could not be done, perhaps for the reason that nobody has ever

461

thought it could be done and attempted to do it. . . . The exception to this rule which has been mentioned is, that partition of two or more parcels of real estate may be made in one proceeding if the title to all the parcels sought to be partitioned is derived from a co-tenancy as a common source of title, though some of the co-tenants, parties to the proceeding for partition, may be interested in only one or some of the parcels and not in all. . . . This exception to the rule is said in Middlecoff v. Cronise, supra, to be based 'on the universally accepted doctrine that one co-tenant can not by a conveyance of his interest in a portion of the property held in common, etc., prejudice the rights of his co-tenants. The grantee or successor of such a co-tenant simply steps into the shoes of his grantor, subject to all the rights of the other co-tenants and their successors as to partition. For all purposes of partition the whole property originally held in common by the co-tenants, whether consisting of one or any number of parcels, continues to be a unit,—the subject matter of a single action,—just as if no change in the ownership of any interest therein had occurred, and in such action the respective rights of all the parties interested, original co-tenants and successors, may be determined. In such a case a necessary party defendant may be a co-tenant only as to one of the parcels involved, and the fact that he is not interested in the other parcels is no ground of objection to the joinder in one action of the various parcels of land. In such a case there is but one cause of action stated,—the partition of a single lot of real property originally held in common, and for all the purposes of the proceeding still so held.' One co-tenant may not convey his interest in the common property to the prejudice of the other co-tenants, and hence the grantee of a co-tenant is treated in an action for partition as a co-tenant of the entire property. . . .

". . . No case has been cited where a joinder of different parcels has been sustained where one or more

of the co-tenants was not a co-tenant of all the parcels, unless the common source of title was a co-tenancy as to all the property involved.

"The present case comes under the general rule and the appellant's demurrer should have been sustained. The case is not one of mere misjoinder of defendants who have no interest in the cause of action or in the subject matter. It is a case of misjoinder of causes of action having no connection with one another. Such causes of action cannot be joined, and though the objection may be waived and a decree by default perhaps might not be void, yet a defendant, if the objection is promptly made, cannot be called upon to answer a bill stating two distinct, independent and disconnected causes of action.

". . . The causes of action stated in the bill are not of such a nature as to give rise to the independent equity jurisdiction to prevent a multiplicity of suits, which arises where unconnected parties having a common interest centering in the point in issue in the cause may unite in the same bill, but the bill seeks relief as to two distinct subjects having no connection with or dependence on each other and presents two distinct collocations of distinct and different facts, each presenting different rights and calling for different relief."

The general rule and the exception are stated in Grigsby, Illinois Real Property, Vol. 4, p. 47.

But the plaintiff-appellant here urges that such is no longer the general rule under the provisions of the Civil Practice Act, in particular, under Ch. 110, Ill. Rev. Stats. 1953, pars. 167 (1) and 168 (1) [Jones Ill. Stats. Ann. 104.043, subd. (1), 104.044, subd. (1)].

As set out above, the Partition Act of 1949, Ch. 106, Ill. Rev. Stats. 1953, par. 71, provides, in substance, that the Civil Practice Act, as amended, and the Rules thereunder shall apply to partition proceedings under the Partition Act except as otherwise provided in the

Partition Act. That provision is not new, however. The former Partition Act of 1874, as amended, contained substantially the same provision, by an amendment of 1937, making the provisions of the Civil Practice Act, as amended, and the Rules thereunder applicable to partition proceedings under the Partition Act of 1874, as amended, except as otherwise provided therein: Ch. 106, Ill. Rev. Stats. 1949, par. 43; Laws, 1937, p. 985.

The particular provisions of the Civil Practice Act, Ch. 110, Ill. Rev. Stats. 1953, pars. 167 (1) and 168 (1), to which the plaintiff-appellant calls attention, are as follows:

"167. (Civil Practice Act, Sec. 43.) Separate counts and defenses.

"(1) Parties may plead as many causes of action, counterclaims, defenses, and matters in reply or rejoinder as they may have, and each shall be separately designated and numbered.

"168. (Civil Practice Act, Sec. 44.) Joinder of causes of action and use of counterclaims—Transfer from one docket to another.

"(1) Subject to rules any plaintiff or plaintiffs may join any causes of action, whether legal or equitable or both, against any defendant or defendants; and subject to rules the defendant may set up in his answer any and all cross-demands, whatever, whether in the nature of recoupment, set-off, cross bill in equity or otherwise, which shall be designated counterclaims. But the court may, in its discretion, order separate trials of any such causes of action or counterclaims if they cannot be conveniently disposed of with the other issues in the case. Legal and equitable issues may be tried together where no jury is employed."

We think the plaintiff's argument is disposed of by Barnes v. Swedish American Nat. Bank, etc., et al. (1939) 371 Ill. 20, in which the plaintiff brought two separate suits for partition, respectively, of two sep-

arate tracts of real estate; the cotenants-owners were not the same as to each tract, some of the cotenants of the first tract having no interest in the second tract, but the title to both tracts was derived from an original cotenancy as a common source of title; during the progress of the matters the trial court consolidated the two suits; it does not specifically appear when the complaints were filed, but the decree of partition was in 1938, after the above 1937 amendment to the Partition Act of 1874, as amended, making the provisions of the Civil Practice Act, including the above pars. 167 (1) and 168 (1), applicable to partition suits thereunder, and the opinion of the Supreme Court was in 1939, long after that 1937 amendment to the Partition Act of 1874, as amended. The court held, first, that the consolidation of the two suits was proper, the test being if the actions can be joined in one complaint they can be consolidated. The court then referred, with approval, to the above general rule of Shoup et al. v. Cummins et al., supra, that separate tracts of real estate held in cotenancy may only be included in one partition suit when all the cotenants are interested in all the tracts, and to the exception thereto that partition may nevertheless be had in one suit of two separate tracts even if some cotenants are interested in only one or some, but not all, of the tracts, if the title to all the tracts is derived from a cotenancy as a common source of title, and held that the particular facts of Barnes v. Swedish American Nat. Bank, etc., et al., supra, brought it within the exception, the actions could be joined in one complaint, and there was no error in consolidating the two suits. The court said, pp. 25–26:

"The general rule, in partition, is that separate tracts of land held in co-tenancy may only be included in one partition suit where all the co-tenants are interested in all the tracts. (Shoup v. Cummins, 334 Ill. 539.) There is, however, an exception to this rule, and that

465

is, partition of two or more parcels of real estate may be made in one proceeding if the title to all the parcels sought to be partitioned is derived from a co-tenancy as a common source of title, although some of the co-tenants, parties to the proceeding for partition, may be interested in only one or some of the parcels and not all. (Shoup v. Cummins, supra; Middlecoff v. Cronise, 155 Cal. 185; Harlan v. Langham, 69 Pa. St. 236; Parker v. Harrison, 63 Miss. 225; Garrett v. Weinberg, 43 S. C. 36; Grady v. Maloso, 92 Wis. 666, 66 N. W. 808; Bigelow v. Littlefield, 52 Me. 24; Barnes v. Lynch, 151 Mass. 510, 24 N. E. 783.) This exception is based on the doctrine that one co-tenant cannot, by a conveyance of his interest in a portion of the property held in common, prejudice the rights of his co-tenants; and the successors or grantee of such co-tenant, simply steps into the shoes of his grantor, subject to all the rights of the other co-tenants and their successors. For the purpose of partition, the whole property originally held in common with the co-tenants, whether consisting of one or a number of parcels, continues to be a unit—the subject matter of a single action—just as if no change in the ownership of any interest therein had occurred, and in such action the respective rights of all the parties interested, original co-tenants and successors, may be determined.

"The record in this case shows that P. A. Peterson, Levin Faust, E. Ekstrom, Carl Anderson and C. E. Swenson, became tenants in common of the first tract, by deed of July 30, 1924, and the same persons became tenants in common of the second tract by deed dated March 20, 1920. Since such persons are the predecessors in title of the plaintiff in the two causes here involved, this case comes clearly within the exception noted in Shoup v. Cummins, supra. There was no error in consolidating the suits."

Although Barnes v. Swedish American Nat. Bank, etc., et al., supra, does not specifically discuss the above

466

1937 amendment to the Partition Act of 1874, as amended, or the above, or other, provisions of the Civil Practice Act, nevertheless the decree having been entered after the 1937 amendment to the Partition Act, the opinion of the Supreme Court being long after that 1937 amendment, the foregoing provisions of the Civil Practice Act, Ch. 110, Ill. Rev. Stats. 1953, pars. 167(1) and 168(1) being then (as now) in effect and having been in effect for some years prior thereto, and the court having definitely referred to and reiterated, with approval, the above general rule, as well as the exception thereto, as stated in Shoup et al. v. Cummins et al., supra, we believe Barnes v. Swedish American Nat. Bank, etc., et al., supra, rather conclusively establishes that that general rule, as well as the exception, so stated in Shoup et al. v. Cummins et al., supra, is still the law after the Civil Practice Act and after the 1937 amendment to the then Partition Act of 1874 as well as before, and, by analogy, that such is also still the law after the present Partition Act of 1949 as well as before.

Other cases generally and inferentially supporting our views are Harris v. Ingleside Bldg. Corp. et al. (1939) 370 Ill. 617, and Nicklaus v. Daubs et al. (1944) 385 Ill. 407, both decided after the above 1937 amendment to the Partition Act of 1874, as amended.

Textwriters in the field of civil practice, Nichols, Illinois Civil Practice, Vol. 7, p. 478, and Edmunds, Illinois Civil Practice Act Forms, Vol. 2, p. 1518, note, do not indicate that the Civil Practice Act has made any change in the above rules.

Of the cases cited by the plaintiff-appellant, only one, Ashton et al. v. Macqueen et al. (1935) 361 Ill. 132, is a case involving partition. There the bill was for a partition and an accounting. Among other things, the court discussed the law as to multifariousness and its application in that case and held that the joinder in the bill of allegations relating to partition and accounting

467

and prayers for both did not make it multifarious upon demurrer under the factual allegations present. The questions involved in the case at bar were not involved at all in Ashton et al. v. Macqueen et al. and it has no application here. The remaining cases cited by the plaintiff on this general subject, Roney et al. v. Chicago Title & Trust Co. et al. (1933) 354 Ill. 144, White et al. v. Macqueen (1935) 360 Ill. 236, and Abbott et al. v. Loving et al. (1922) 303 Ill. 154, are none of them partition cases; the discussions therein of the principles governing multifariousness are all good; but the questions involved in the partition case at bar were not involved at all in any of them and they have no application here.

■ The plaintiff has not referred us to any Illinois case holding that in a partition case the above general rule and the exception thereto stated in Shoup et al. v. Cummins et al., supra, and Barnes v. Swedish American Nat. Bank, etc., et al., supra, are not still the law after the present Partition Act of 1949 and after the Civil Practice Act as well as before, or that the Civil Practice Act, particularly Ch. 110, Ill. Rev. Stats. 1953, pars. 167(1) or 168(1), has changed the law in those respects. In fact, two other parts of the Civil Practice Act, par. 125—"as to all matters not regulated by statute or rule of Court, the practice at common law and in equity shall prevail," and par. 155—"this section shall not be deemed to affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity"—are persuasive to the contrary of the plaintiff's position. The Civil Practice Act has not abolished the doctrine of multifariousness or other underlying principles of chancery practice: People, etc. v. Fritz et al. (1942) 316 Ill. App. 217; Gombi et al. v. Taylor Washing Mach. Co. (1937) 290 Ill. App. 53; or altered the substantial requirements of a cause of action: Harris v. Ingleside Bldg. Corp. et al. (1939)

468

370 Ill. 617; Blyman et al. v. Shelby Loan & Trust Co. et al. (1943) 382 Ill. 415.

■ Accordingly, we are of the opinion that in a partition case the foregoing general rule and the exception thereto as stated in Shoup et al. v. Cummins et al., supra, and Barnes v. Swedish American Nat. Bank, etc., et al., supra, is still the law today, after and under the Partition Act of 1949, as well as before, and after and under the Civil Practice Act, as well as before, and that the Civil Practice Act, particularly Ch. 110, Ill. Rev. Stats. 1953, pars. 167(1) and 168(1), has not changed the law in those respects.

As to the plaintiff's oral motion for severance, to the effect that if the court should find the complaint to be multifarious then the action be severed and separate proceedings be had as to Tracts I and II, and III, Ch. 110, Ill. Rev. Stats. 1953, par. 175 [Jones Ill. Stats. Ann. 104.051], provides:

"An action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right."

■ We entertain some doubt whether the plaintiff's motion, stated as it was in a conditional form, was proper as a matter of form, in any event. But passing that, although neither the plaintiff nor the appellees have referred us to an Illinois case directly in point, and we have found none, we believe the sense of par. 175 is that an action, if and when and presupposing it is otherwise properly pleaded, may be severed for trial, under certain circumstances. The case here had not gone that far. The complaint being defective, and there being no pending action otherwise properly pleaded, there was no action that might be severed for trial. The plaintiff having not requested any leave to amend, but standing on his defective complaint, the court had no duty to try to sever or select something

469

from the complaint on which to proceed: Williams v. Ricou, 143 Fla. 360, 196 So. 667. The plaintiff's motion did not come within the purview of par. 175. Under the circumstances, we do not perceive how the trial court could have done other than to deny it. Beyond that, if the motion were proper as to form, and it was within the purview of par. 175, a motion to sever issues for trial is a matter addressed to the sound discretion of the trial court and it is not within our province to reverse that court's determination thereon unless there be an abuse of discretion: Mount et al. v. Dusing et al. (1953) 414 Ill. 361; Blachek, etc. v. City Ice & Fuel Co. et al. (1941) 311 Ill. App. 1; Hitchcock et al. v. Reynolds (1935) 278 Ill. App. 559. There was no abuse of discretion in denying the motion here, under the circumstances.

The only cases cited by the plaintiff on this point are Blachek etc. v. City Ice & Fuel Co. et al., to which we've already referred, and Myers v. Myers (1950) 341 Ill. App. 406, and Flynn v. Troesch (1940) 373 Ill. 275. Myers v. Myers, supra, appears to have nothing whatever to do with severance of issues for trial. Flynn v. Troesch, supra, though involving severance, was not a partition case and has no bearing on the case at bar.

The order granting the motions to dismiss, and dismissing the cause for want of equity, is, accordingly, correct and is affirmed.

Affirmed.