## WOODWARD v. SANTEE RIVER CYPRESS LUMBER CO.

PLEADINGS.—CAUSE OF ACTION.—A COMPLAINT seeking partition of two tracts of land, alleging tenancy in common between plaintiffs and one defendant in one tract of land, and between plaintiffs and the other defendant in the other tract of land, and title from common source in both tracts, states only one cause of action.

*Albergottie* v. *Chaplin,* 10 Rich. Eq., 429, *distinguished from this.*

Before DANTZLER, J., Sumter, January, 1905. Affirmed.

Action by Lila M. Woodward *et al.* against Santee River Cypress Lumber Co. and E. M. Brayton. From order overruling demurrer, defendants appeal.

*Messrs. Smythe, Lee & Frost, Thomas & Gibbes* and *Mark Reynolds,* for Lumber Company, appellant. The former cite: *Trial of title:* 5 Ency. P. & P., 777; 10 Rich. Eq., 428; Harp. Eq., 106; 23 S. C., 388; 52 S. C., 236. *Joinder of parties:* 1 Ind., 138; 69 Md., 589; 3 Gray, 111; 32 Mich., 42; 17 Mo., 228; 83 N. Car., 477; 13 Ohio, 543; 7 Ohio, 129; 16 Vt., 105; 4 Rand., 74; 14 Ohio, 502; 14 La. Ann., 177; 90 Ala., 458; 3 Humph., 435; 37 Ala., 17; 29 N. Y. Supp., 432. *Joinder of adverse claimants:* 56 Ark., 391; 10 Rich. Eq., 429; 4 And., 74; 3 Gray, 111; 16 Venn., 105; 1 Carter, 138.

*Messrs. Allen J. Green, Ragsdale & Dixon* and *Cooper & Fraser,* contra. *Mr. Green* cites: *Conveyance of one cotenant only carries his interest:* 33 S. C., 404; 43 S. C., 38; 64 S. C., 571. *Issues raised here are properly triable in one suit:* 24 S. C., 46; 10 Rich. Eq., 430; 5 Rich. Eq., 327; 59 S. C., 22; 13 S. C., 441, 326.

November 16, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendants appeal from the order of Judge Dantzler overruling their separate demurrers

to the complaint upon the ground of misjoinder of causes of action. This renders it necessary to state substantially the allegations of the complaint, and we adopt the statement of the complaint as contained in respondent's argument, as follows. The complaint alleges:

1. The death, testate, of N. M. Bynum, probate of his will and qualification of his executor.

2. Sets out Nos. 3, 4, 8 and 10 of his will, by which it appears the estate was to be appraised and divided into nine equal shares, and upon the division being made, one-ninth should be held in trust for his daughter, Mrs. Mobley, for life, and after her death to her children then living in fee; one-ninth should be conveyed to his son, Robert, which ninth should include a moiety of the Taylor tract, heretofore advanced him and his brother Clarence, at its appraised value; and one other ninth to Clarence, upon the same conditions as to Robert's share.

3. Describes the "Taylor tract."

4. Alleges that in pursuance of the terms of the will, in order to participate in the partition of the said estate, Robert and Clarence surrendered their deeds to the Taylor tract, and the lands thereby conveyed were thrown into "hotch pot," and appraised and divided with the residue of the estate, on the 28th of November, 1876. Sets out the return in partition, by which it appears 553 acres of the residuary estate was added to the upland of the Taylor tract, and made the same in judgment of commissioners in partition fully two-ninths of the land belonging to said estate, and all the swamp lands was allotted to shares Nos. 4, 5 and 6, to equalize the division.

5. That Mrs. Mobley received lot No. 4, which carried with it the undivided one-third of all the swamp land, including the swamp, that before partition had been attached to the Taylor tract, and the same became vested in her for life, with remainder to her children in fee.

6. An attempted conveyance by the executor prior to the partition of the Taylor swamp to Robert and Clarence, pur-

porting to be made in pursuance of the partition, but in direct contravention thereof, which deed is alleged to be inoperative, in so far as plaintiff's one-third interest is concerned.

7. That the said Taylor swamp has, through successive conveyances from the executor and his grantees, with full notice of the partition and settlement and of the rights of plaintiffs thereunder, passed into the possession of defendant, Brayton, and is now held by him, and the defendant, Santee Company, claims the timber rights on the said lands, and holds same with full notice and in subordination of plaintiffs' right.

8. The remainder of the swamp land of the said estate consists of the Van Buren tract, and, under the terms of the will and partition, became vested in the persons who received shares Nos. 4, 5 and 6, to wit: Mrs. Mobley, John T. and Julius A. Bynum; notwithstanding which, John T. and Julius A., the latter of whom since partition had qualified as executor, by deed dated 11th of January, 1882, but not recorded until the 11th of February, 1889, attempted to convey the same for a nominal consideration to Mrs. Bynum, the wife of Julius, which deed is alleged to be void and inoperative as to the one-third interest of the plaintiffs.

9. That Mrs. Bynum took the said land with full notice of the rights of the plaintiffs and their mother, and the same has, through successive conveyances from her, and with full notice of the rights and interest of the plaintiffs, passed into the possession of the defendant, Santee Company, by deed of June 9th, 1900.

10. Death of Mrs. Mobley and survival of plaintiffs, her children.

11. Insanity of N. F. Mobley and appointment of his guardian *ad litem*.

12. Corporation of Santee Company.

13. That plaintiffs and defendant, Brayton, are tenants in common of Taylor swamp, described in paragraph six; plaintiffs being each entitled to an undivided six-eighteenths thereof, and defendant the remaining twelve-eighteenths

3—73

thereof; and plaintiffs and defendant, Santee Company, are tenants in common of the Van Buren swamp tract, described in paragraph eight, in the same proportion, and own no other lands in common.

14. That these lands are principally valuable for their timber, and plaintiffs charge the Santee Company with cutting, removing and converting the timber to its own use.

The prayer is:

1. That Santee Company account for waste, and pay one-third of the value thereof to plaintiffs.

2. That the land be partitioned between plaintiffs and defendants.

3. Injunction to prevent further waste pending suit.

The demurrer is in these words: "The defendant, the Santee River Cypress Lumber Company, demurs to the complaint herein on the ground that several causes of action have been united therein; in that—(a) One cause of action affects one tract of land, the 'Taylor tract,' involving one set of parties and questions of fact and law: (b) Another cause of action affects a different tract, the 'Van Buren tract,' involving another set of parties and other and different questions of fact and law. And neither of these causes of action, nor the property and parties involved therein, is necessarily or properly connected with the other. And the rights and remedies concerning each should and must be set up and determined in separate suits."

A similar demurrer was filed by E. M. Brayton.

We think it is clear that the complaint states only one cause of action, for the partition of the swamp lands of the estate of N. F. Bynum, devised under his will, the plaintiffs claiming one-third interest therein as remaindermen under said will and alleging tenancy in common with the defendant, E. M. Brayton, entitled to a two-thirds interest, as to the "Taylor tract," and tenancy in common with defendant, Santee River Cypress Lumber Company, entitled to a two-thirds interest, as to the "Van Buren tract;" the complaint

further alleges that the defendants trace their titles through
mesne conveyances to those who held under the will of
N. F. Bynum, as tenants in common with plaintiffs as
remaindermen, and that they took their titles with full
knowledge and notice of the rights and interests of the
plaintiffs.

The case falls within the rule stated in *Garret* v. *Wein-*
*berg,* 43 S. C., 36, which held that the issue of an intestate
father may bring one action for the partition of all his lands,
properly joining as parties defendant the grantees of the
widow's interest in said lands, severally owning separate
parcels. This case is so full to the point that it is unneces-
sary to cite other authority.

The case of *Albergottie* v. *Chaplin,* 10 Rich. Eq., 428,
433, is relied on by the appellants to sustain their view, but
that case is clearly distinguishable from this. In Alber-
gottie's case, it was sought to compel Chaplin and Sams, in
adverse possession of land, to surrender the land, that it
might be partitioned among the other parties to the cause.
Partition was not sought as against Chaplin and Sams, and
as to them the cause of action was not partition but for the
recovery of land; whereas, in the present action, partition is
sought as against the defendants as tenants in common.
The Court said: "There is no alleged privity between the
parties, nor anything to constitute the occupants 'tenants in
common' with the plaintiffs; so that if the Court should order
an issue or an action to try titles, the result of such trial
could not bring back the cause here for partition."

In this case there is alleged privity between the parties as
tenants in common. Assuming the allegations of the com-
plaint to be true, the effect of the conveyance to the defend-
ants was to make them tenants in common with plaintiffs.
*Young* v. *Edwards,* 33 S. C., 404, 11 S. E., 1066. The fact
that each defendant is in possession of a separate parcel of
the real property of the estate of Bynum does not affect the
question, since plaintiff's right of partition applies to the

lands as a whole because of their tenancy in common therein with the grantors of defendants.

The judgment of the Circuit Court is affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*