No. 84-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

RICHARD C. LUSSY,

        Plaintiff and Appellant,

  -vs-

FRANK BENNETT, DONALD CLARK,
JOHN STEVENS and THE FIRST
SECURITY BANK OF ANACONDA,
FIRST FEDERAL SAVINGS OF
GREAT FALLS, FIRST MONTANA
TITLE INSURANCE, and SUMMIT
VALLEY TITLE COMPANY, TICOR
TITLE,

        Defendants and Respondents.

APPEAL FROM: District Court of the Third Judicial District,
              In and for the County of Deer Lodge,
              The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard C. Lussy, pro se, Seattle, Washington

    For Respondents:

        Knight, McLean, Dahood & Everett; David M. McLean,
        Anaconda, Montana (Bennett, Clark, Stevens, First Security)
        James, Gray & McCafferty; Larry E. Johnson, Great
        Falls, Montana (First Fed. Savings & Loan)
        Emmons & Coder; Robert J. Emmons, Great Falls,
        Montana  (First Mont. Title Ins.)
        James Robischon,(Summit Valley Title),Butte, Montana

Submitted on Briefs:  Nov. 29, 1984

Decided:  December 28, 1984

Filed:  DEC 28 1984

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Richard C. Lussy appeals from an order of the District Court, Third Judicial District, Deer Lodge County, granting summary judgment to the respondents. He further appeals from an order of the District Court refusing to allow him to file an amended complaint so as to be allowed attorney fees as a pro se litigant.

On October 25, 1984, this Court issued a restraining order in cause no. 84-407 of this Court enjoining the appellant from proceeding pro se in any Montana court without requesting a leave to file or proceed, and staying all pending actions brought by him pro se. In prosecuting this appeal, the appellant is acting pro se. We have lifted the restraining order with respect to this appeal in order to provide due process to all parties before the court in this case.

Lussy filed a complaint in District Court seeking to remove a "trespassing house" which protruded onto land to which he then held title. As to this cause of action the District Court granted summary judgment in favor of the respondents, dismissing the complaint with prejudice and awarding to the respondents attorney fees. The District Court denied Lussy's motion for summary judgment on his behalf. It also refused to allow Richard Lussy to file an amended complaint so as to claim attorney fees as a pro se litigant. Lussy appeals the judgment and order.

On August 12, 1974, Henry P. and Dyane Lussy, the brother and sister-in-law of Richard, acquired title to a

parcel of land in Anaconda, to which we will refer as Parcel A. Henry began construction of a home on Parcel A.

On January 27, 1977, Henry P. Lussy procured a survey of Parcel A which showed that the home erected by him protruded by nearly half onto the adjacent land to which we will refer as Parcel B. To remedy the situation, Henry P. Lussy obtained a deed from the owner, Anaconda Company, on August 12, 1977, and recorded it on March 10, 1978. As of the date of the Anaconda Company deed, Henry P. and his wife Dyane owned all of Parcels A and B and the residence situated thereon.

On March 10, 1978 Henry P. and Dyane Lussy executed a Trust Deed to the First Federal Savings and Loan Association of Great Falls for Parcel A only. The Trust Deed did not include the description for Parcel B, even though Henry P. and Dyane owned both Parcels A and B at the time and Henry knew that the home was located both on Parcel A and Parcel B.

On June 8, 1979, Henry P. and his wife executed a Trust Deed to First Security Bank of Anaconda as the beneficiary. This indenture included Parcels A and B to secure a note of $11,704. The proceeds of the note were used to enlarge the home located on Parcels A and B.

On August 20, 1982, First Federal's Trust Indenture was foreclosed on Parcel A. This had the legal effect of eliminating any security interest of First Security Bank in Parcel A for its loan of June 8, 1979. First Security Bank still had its security interest in Parcel B.

On March 16, 1983, First Security Bank assigned its interest in the June 8, 1979 note and trust deed to First Montana. All payments on the June 8, 1979 note were brought current by Henry F. Lussy, the father of Henry P. and

Richard, who made the payments up to August 8, 1983. Thereafter Richard C. Lussy made the payments on the note beginning September 13, 1983, and continued to keep the payments on the note current to the date of the action in the District Court.

In April of 1983, Richard C. Lussy, Henry F. Lussy, Henry P. Lussy and Dyane E. Lussy filed a complaint in Deer Lodge County District Court against the same parties as this action, but also including as a defendant Maurice A. Maffei. The parties were apparently acting pro se. District Judge Mark Sullivan in that action noted that Henry F. Lussy would have been the only party entitled to relief and had acknowledged he was acting on behalf of Henry P. and perhaps Dyane Lussy. The District Court viewed Henry F.'s action as constituting the unlawful practice of law and dismissed that action.

On September 9, 1983, Henry F. Lussy, acting as attorney-in-fact for Henry P. and his wife, conveyed by warranty deed to Richard all of Parcel B. The effect of this deed was to give Richard C. Lussy the record ownership of Parcel B and the appearance of a right to litigate regarding Parcel B. On September 9, 1983, the date he acquired Parcel B, Richard filed a complaint against the same defendants in Deer Lodge County. There he sought damages of $8,885,000. That complaint was dismissed by Richard on October 11, 1983.

On October 14, 1983, Richard Lussy filed the present action. The complaint seeks the removal of the house from Parcel B. In the discovery proceedings Richard testified that in taking title to Parcel B and in bringing the action he intended eventually to divide any money settlement

- 4 -

resulting therefrom among the family members on an agreed division of any damages recovered.

Since the note indebtedness with respect to Parcel B was kept current to the time of the action in the District Court, First Montana, as the assignee of the trust indenture from First Security, has not threatened or commenced foreclosing the debt against Richard or Henry P. Lussy.

Richard Lussy filed for summary judgment on his behalf, and all the remaining respondents filed for summary judgment in their behalves. The District Court denied Lussy's motion for summary judgment, and granted summary judgments to all of the respondents. Lussy also moved to amend the complaint by adding attorney fees for pro se litigants. After briefing, the District Court denied this motion of Lussy's also. This appeal ensued.

On appeal, Lussy frames the issues as follows:

"(1) The trial court below has so far departed from the accepted and usual course of judicial proceedings, as to call for the exercise of revisory jurisdiction by the Montana Supreme court:

"(A) reversal of the trial courts 3/23/84 ORDER DENYING MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS BY THE PLAINTIFF RICHARD C. LUSSY ... 'found to be frivolous and champerous in nature and against public policy and will not be enforced by this court.'

"(2) The attorney plaintiff/appellant pro se takes the unusual challenge of striking down as unconstitutional Section 37-61-215, MCA:

"It shall be unlawful for any court within this state to allow attorneys' fees in an action or proceeding before said court in which attorneys' fees are allowed by law to either party to such action or proceeding when such party is represented by anyone other than a duly admitted or licensed attorney at law. (Emphasis added.)"

Simply stated the issues on appeal presented by the pro se litigant, are:

(1)   did the District Court err in denying summary judgment to Richard Lussy; and

(2)   is section 37-61-215, MCA, providing no attorney fees to persons other than attorneys, unconstitutional.

It will be observed that the issues framed by Richard Lussy do not question the summary judgments granted to the respondents.   His issues do not question the award of attorney fees to First Montana or the other respondents. Instead, Richard Lussy argues the denial of his motion for summary judgment and attacks section 37-61-215, MCA, as being unconstitutional.

The District Court denied Lussy's motion for summary judgment because the court found his complaint to be frivolous and champertous in nature and against public policy.   The District Court was correct.   By his own statement, Richard Lussy acquired title to Parcel B for the purpose of bringing this action, and dividing the proceeds among the remaining members of his family.   Under section 37-61-408, MCA, an attorney is prohibited from acquiring a claim or demand for purpose of bringing action.   It is illegal under the statute to give or to promise to give a valuable consideration to any person as an inducement to place in the hands of the promisor a demand of any kind for the purpose of bringing an action thereon.   Under section 37-61-411, MCA, the same rule applies when a party prosecutes in person an action instead of acting through an attorney. Lussy's complaints smacks of champerty, and public policy requires dismissal of his action.

Although the issue is not directly raised by Richard Lussy, we also determine that the summary judgments granted in favor of the defendants in this case by the District Court

- 6 -

were correct. Defendants Frank Bennett, Donald Clark, John Stephens, and The First Security Bank of Anaconda have no interest in either parcel of land in dispute and therefore Lussy's action for trespass could not be maintained against them. First Montana Title Insurance is First Security Bank's assignee of the trust indenture of Parcel B, the land allegedly encroached upon. In his deposition Lussy stated that this defendant had no involvement with the alleged trespass. Summit Valley Title Company's involvement in the suit arises from being a trustee of both trust indentures. The first indenture was extinguished by foreclosure. The second indenture on Parcel B continues. Summit Valley owes Richard Lussy a duty as trustee under the indenture, but that is its only connection to the property. Summit Valley has no connection with the alleged trespass.

First Federal Savings and Loan Association and Ticor Title are involved. Those respondents are the only parties named in the suit that conceivably could be liable in trespass. However the District Court was correct in ordering award of summary judgment in their favor also.

In Harris v. Issac (1940), 111 Mont. 152, 158, 107 P.2d 137, 141, this Court stated that a cause of action in trespass does not accrue unless the injury complained of is shown to be the direct and proximate result of the defendants' wrongful or negligent acts or defaults. The record reveals no such evidence and it was the obligation of Lussy, as the party defending summary judgment, to establish a genuine issue of material fact with respect to defendants in order to prevent summary judgment.

With respect to the second issue, the purported unconstitutionality of section 37-61-215, MCA, Richard Lussy

has no standing to question its validity in any event. He is not a prevailing party in the action below. The general rule is in the absence of statute or contract, attorney fees will not be awarded. Joseph Russell Realty Co. v. Kenneally (1980), 185 Mont. 496, 505, 605 P.2d 1107, 1112. On a reciprocal basis, if the respondents were entitled to attorney fees in this case by virtue of contract, Lussy would be entitled to attorney fees on a reciprocal basis under section 28-3-704, MCA. However to bring himself within the latter section, he must again be the prevailing party.

Lussy purports to bring himself within the statute allowing attorney fees, on the basis that he was the attorney-in-fact for the members of his family. Of course he is confusing an attorney authorized to practice law with a person clothed with the powers of an agent. He further claims that by proceeding pro se, he is in truth an attorney, and as such is entitled to attorney fees. It may be said that such an argument is frivolous.

Richard Lussy has manufactured in his arguments, an amorphous theory of recovery called "Justinhoard." He apparently means to say that judges and lawyers hoard justice or the means of obtaining justice to themselves forming what he calls a "cesspool of corruption." Jurisprudentially, he is plowing new ground, but we see little prospect of a crop.

Richard C. Lussy, by his various pro se actions, has caused the courts of Montana some considerable difficulty. He has sued judges, attorneys and others left and right, charging conspiracies, abuse of "Justinhoard," and expounding like theories of law. While his misdirected efforts have caused the courts difficulty, the real tragedy is that he has cost himself a considerable amount of money and wasted time

in his vain pursuits. However much we desire to keep the courts open to all persons seeking to adjust their rights, duties and responsibilities, we must also take into account the effect that his actions bring on other parties to his suits. In this case, the respondents are entitled to their peace. It is for that reason we lifted the restraining order heretofore entered against Mr. Lussy, to bring this particular case to a conclusion.

Judgments and order of the District Court are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices