107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maureen LEE, Plaintiff-Appellant,
v.
Daniel R. GLICKMAN,* Secretary, United
States Department of Agriculture; Richard A.
Johnson, Defendants-Appellees.
 No. 96-35462.
 United States Court of Appeals, Ninth Circuit.
 Argued by Telephone and Submitted Feb. 5, 1997.
Decided Feb. 25, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maureen Lee appeals from summary judgment in her Federal Tort Claims Act action against the Secretary of the Department of Agriculture in his official capacity and Forest Service employee Richard A. Johnson in his personal capacity. The district court dismissed Johnson as a defendant upon finding that he was acting within his official capacity, and determined that Lee failed to raise triable issues of fact on her claims against the Secretary. The district court had jurisdiction under the FTCA, 28 U.S.C. § 2679. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 * We need not decide whether Lee's submissions on the scope of Johnson's employment met her burden of proof or merited a hearing pursuant to the Westfall Act, 28 U.S.C. § 2679, since, as we shall discuss, Lee failed to raise a triable claim that Johnson committed a tort against her, and therefore, judgment for Johnson was appropriate in any event.
 
 II
 
 4
 Lee argues that the district court denied her a full opportunity to conduct discovery by denying as "moot" Lee's Rule 37 motion to compel discovery and by not addressing Lee's objection, made at oral argument on the summary judgment motions, to the admission of affidavits of people whom she had been unable to depose.
 
 
 5
 Unlike Garrett v. City & County of San Francisco, 818 F.2d 1515 (9th Cir.1987), the district court here "reviewed the motion and Defendants' responses to the interrogatories in question and [found] that the Defendants adequately answered the interrogatories." In any event, the motion to compel had to do with certification, not the merits.
 
 
 6
 The district court's evident failure to rule on Lee's oral motion to strike the government's affidavits is not a Garrett problem, because a motion made at a summary judgment hearing is not the equivalent of a timely Rule 56(f) motion. See Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir.1990). Regardless of whether the affidavits should have been stricken, we shall ignore them and assume, for purposes of our de novo review of summary judgment, that the events happened as Lee's evidence describes.
 
 III
 
 7
 As the district court concluded, summary judgment was appropriate on each of Lee's claims. Lee argues that the Secretary failed to present evidence relating to her three allegations not involving Johnson, but that misplaces the burden. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The e-mail message from Goff to Johnson that the government referred to is not material to the question of whether Lee's evidence states a claim for invasion of privacy. Lee argues that the district court failed to credit the Secretary's admission that facts remained in dispute, but a dispute doesn't matter when, as here, the facts are not material. See T.W. Elec. Svc., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). Likewise, Lee's contentions that the district court gave too much weight to whether the voice of the harassing telephone caller sounded like the voice of a vacuum cleaner salesman who once visited her, and improperly considered a Forest Service investigation report that is not in the record, do not require reversal because on our independent view of the merits, summary judgment is still appropriate.
 
 
 8
 Lee conceded that she could not identify the helicopter that flew over her house, and offered no evidence that it was connected to the Forest Service. Nor is there any evidence to support Lee's claim that the harassing caller was associated with the Forest Service. Further, Lee produced no evidence that the incident involving the reforestation workers was injurious to health, indecent, offensive to the senses of a reasonable person, or an obstruction to the free use of property; therefore, her claim for nuisance based on that incident was properly dismissed. See Kasala v. Kalispell Pee Wee Baseball League, 439 P.2d 65 (Mont.1968).
 
 
 9
 Johnson's distribution of the Goff report could not invade Lee's privacy, as she failed to show a "wrongful intrusion into [her] private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Sistok v. Northwestern Tel. Sys., Inc., 615 P.2d 176, 182 (Mont.1980) (citation omitted). By Lee's own account, the Goff report did not concern her private activities: she revealed no personal information to Goff, and she had previously contacted the news media about the same subjects that she discussed with him. Since Lee failed to present evidence that someone of ordinary sensibilities would feel anguish or humiliation at having a report of her whistleblowing distributed within the agency on which she was blowing the whistle, this claim too fails as a matter of law.
 
 
 10
 Because Lee suffered no damage on account of the reforestation workers being on her property, the district court properly dismissed her claim based on negligent trespass. Lussy v. Bennett, 692 P.2d 1232 (Mont.1984). The same reasoning does not, however, support dismissal of her claim for intentional trespass. The Montana Supreme Court has adopted the elements of trespass in the Restatement (Second) of Torts. Branstetter v. Beaumont Supper Club, 727 P.2d 933, 935 (Mont.1986). The Restatement requires proof of damages for negligent trespass, but it recognizes an action for intentional trespass whether or not the plaintiff is materially harmed. See §§ 158 & illus. 3, 163.
 
 
 11
 Construing the evidence in Lee's favor, the evidence shows that a Forest Service van deposited illegal aliens[1] on the corner of her property, at the end of a dead-end road with no access to Forest Service land; they were on the property briefly to put on backpacks; the van drove off the same way it had come; and the incident occurred just after the CNN expose.
 
 
 12
 While this evidence may support a reasonable inference that the Forest Service was negligent in dropping the crew off in a place where a trespass could happen, there is nothing to suggest that the Forest Service directed or requested the crew to go onto Lee's property rather than to stay on the road. In the absence of evidence tending to show that the Forest Service intentionally caused the crew to enter Lee's property, her claim fails. See id. § 158 cmt. j.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Daniel R. Glickman is substituted for Michael Espy, his predecessor, as Secretary, United States Department of Agriculture, pursuant to F.R.A.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Whether there were illegal aliens in the crew is immaterial to resolution of the issue before us, but their presence in the crew and on her property was part of Lee's theory of retaliation by the Forest Service