No. 97-058

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MATTER OF
KAREN GREEN,

Petitioner, Counterclaim Defendant,
and Respondent,

v.

EMIL J. GREMAUX,

Respondent, Third-Party Plaintiff,
Counterclaimant, and Appellant,

v.

JACK R. STONE,

Third-Party Defendant and Respondent.

APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James L. Stogsdill, Attorney at Law, Lewistown, Montana

For Respondents:

Mariah Eastman, Attorney at Law, Lewistown, Montana (for Karen Green)

George N. McCabe; Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana (for Jack Stone)

Submitted on Briefs: June 19, 1997

Decided: October 7, 1997
Filed:

_____
Clerk


Justice W. William Leaphart delivered the Opinion of the Court.


Appellant, Emil J. Gremaux (Gremaux) appeals from the December 10, 1996 order of the Montana Tenth Judicial District Court, Fergus County, dismissing his third-party complaint against Respondent Jack R. Stone (Stone). We affirm.

We address the following issues on appeal:

1) In a suit for partition of property owned by Respondent Karen Green (Green) and Gremaux as cotenants, is Stone, the grantee of Green's interest in a separate parcel originally owned by Green and Gremaux, a necessary party?

2) Did attorney Stone violate the prohibition of champerty codified at 37-61-408, MCA, by purchasing an interest in land owned by his client Green knowing that Green and her cotenant, Gremaux, had been unable to agree to terms for the sale or lease of her interest?

Factual and Procedural Background

Gremaux and Green, who are brother and sister, inherited two tracts of land from their father, Edward C. Gremaux. The two tracts were part of Edward Gremaux's farm and ranch operation. The Gremaux family home, farm buildings, and other improvements are located on the first tract of land, which is 138 acres. The second tract, 1,636 acres, is located about fifteen miles from the first tract and is primarily range land.

Upon their father's death, Gremaux and Green each became the owner of an undivided fifty percent interest in the two tracts subject to a life estate in favor of their mother, Edith Gremaux. Edith leased both tracts to Gremaux until her death in 1995, and he continues to use the property.

After their mother's death, Gremaux offered Green $150,000 for her interest in both tracts of land, a figure Gremaux states is the average of two professional appraisals he obtained. However, Green refused the offer, claiming it is far below the appraisal she obtained. Green's appraisers determined that the fair market value of the 138 acre tract is $180,000 and that the fair market value of the 1,636 acre tract is $345,000.

Soon after, Green's attorney, Stone, wrote a letter to Gremaux informing him that Green was not interested in renewing the lease agreement on the two tracts. A few months later, Stone again wrote Gremaux on behalf of Green rejecting Gremaux's $150,000 offer and informing him that while Green refused to sell her interest in the 138 acres, she would sell her portion of the large tract for $200,000. Gremaux refused this offer, and negotiations ceased.

Green then sold her fifty percent interest in the 138 acre tract to Stone for $103,500. Stone subsequently offered Gremaux $103,500 for his interest in the 138 acre tract. The very same day, Stone wrote a letter to Gremaux on behalf of Green proposing a physical partition of the 1,636 acre tract. Gremaux refused both offers and countered with an offer to lease Stone's interest in the small tract. Stone responded that he would not lease his interest to Gremaux while they held the property as cotenants, but that if Gremaux would agree to a physical partition of the 138 acre tract, Stone would then consider leasing his half to Gremaux.

On June 28, 1996, Green petitioned the Tenth Judicial District Court for a division by sale of the 1,636 acre tract in which she had retained an interest. Gremaux filed an answer and third-party complaint requesting that the court permit the joinder of Stone as a third-party defendant and partition both tracts of land in the same action. Gremaux's third-party complaint also alleged that Stone had violated 37-61-408, MCA (prohibiting champerty), by purchasing his client's interest in the 138 acre tract. Stone filed a motion to dismiss the third-party complaint and attached an affidavit of Green. In his supporting brief, Stone argued that Gremaux's complaint failed to state a claim for relief under 37-61-408, MCA. Stone further argued that he is not a necessary or proper party to the partition action under Rule 19, M.R.Civ.P., nor can he be brought in under Rule 14, M.R.Civ.P. In his opposing brief, Gremaux argued that Green prejudiced him by conveying her interest to Stone and that Stone is a necessary party to the action because, unless he is joined, the parties could incur double, multiple or otherwise inconsistent obligations.

The District Court heard arguments on the motion to dismiss. Neither party presented evidence but because Stone had attached an affidavit to his motion, the District Court considered it as a motion for summary judgment. The District Court found that Stone did not purchase the property with the intent to bring suit and, therefore, did not violate 37-61-408, MCA. The District Court also held that Stone was not a necessary party to the action because Montana law did not prohibit Green from conveying her interest in the 138 acre tract to Stone. The District Court granted Stone's motion and dismissed Gremaux's third-party complaint.

Review of District Court's Grant of Summary Judgment

The District Court in this case properly converted Stone's motion to dismiss to a

motion for summary judgment. Under Rule 12(c), M.R.Civ.P., if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Here, Stone attached an affidavit to his motion, thus putting Gremaux on notice that the court should properly convert Stone's motion to dismiss to a summary judgment motion. Gremaux was given reasonable opportunity in his response to the motion and at oral argument to present material issues of fact and did not. Thus, we determine the District Court properly considered the motion as one for summary judgment and will review its decision accordingly.

We review a district court's grant of summary judgment de novo. Motarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. Therefore, we review the record to determine whether material issues of fact exist and whether the movant is entitled to judgment as a matter of law pursuant to Rule 56, M.R.Civ.P. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.

## Discussion

1. In a suit for partition of property owned by Green and Gremaux as cotenants, is Stone, the grantee of Green's interest in a separate parcel originally owned by Green and Gremaux, a necessary party?

In its order dismissing the third-party complaint, the District Court held that under Montana law, Green had the right to convey her interest in the 138 acre tract of land to Stone. While the District Court correctly concluded that Stone is not a necessary party to this action, its order failed to address the appropriate issue. The question is not whether Green could legally convey her interest to Stone, but rather whether the two tracts must be partitioned together and, thus, whether Stone is a necessary party to the partition action. We determine that this issue is best addressed by looking at Rule 19, M.R.Civ.P.

Rule 19(a)(1), M.R.Civ.P., states that a person shall be joined as a party in an action if "in the person's absence complete relief cannot be accorded among those already parties." Although Gremaux did not specifically analyze this case under Rule 19, he argues that by partitioning the two tracts in separate actions, the District Court will deprive him of the opportunity to obtain the highest overall sale value for his interest in the land. Gremaux asks us to hold that all of the lands of the original cotenancy must be included in this partition action to ensure that his rights are not prejudiced by

Green's conveying the 138 acre tract to Stone.

In support of his argument, Gremaux cites cases from Illinois, Kansas, Wisconsin, and Mississippi, all decided in the late 1800s or early 1900s. See Shoup v. Cummins (Ill. 1929), 166 N.E. 118; Woodward v. Santee River Cypress Lumber Co. (S.C. 1905), 52 S.E. 733; Hazen v. Webb (Kan. 1902), 68 P. 1096; Grady v. Cannon (Wis. 1896), 66 N.W. 808; Baird v. Jackson (1881), 98 Ill. 78. None of the cited authority persuades this Court to hold, as a matter of law, that all tracts of an original cotenancy must be partitioned in one action. On the contrary, the most recent of the cited authorities supports a holding that it is within the trial court's discretion to determine whether prejudice would result by allowing separate partition actions.

In Shoup, 166 N.E. at 121, the court held that joint partition was not required because the tracts of land involved were never held in cotenancy together. However, the court did state, in dicta, that to prevent one cotenant from prejudicing another by conveying his interest in the common property, the grantee should be included in an action for partition of the original cotenancy property as a cotenant of the entire property. Shoup, 166 N.E. at 122. Thus, the Shoup court's purpose in requiring partition of all of the lands in one action was to prevent one cotenant from prejudicing another by conveying one portion of the cotenancy property. In Baird, 98 Ill. at 78, the court recognized that whether the parties are properly joined in a partition action has always been a matter for the district court's discretion and that each particular case must, to some extent, depend on its own facts. Thus, both of these cases suggest that the purpose of joinder is to prevent prejudice to those already parties and that this determination is best left to the discretion of the trial court.

"There is no precise formula for determining whether a particular non-party is necessary to an action, consequently the determination is heavily influenced by the facts and circumstances of each case." Mohl v. Johnson (1996), 275 Mont. 167, 171, 911 P.2d 217, 220. This Court has held:

While a party should be joined if his presence is deemed necessary for the according of complete relief, it must be noted that complete relief refers to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought. Nor is joinder necessary where, although certain forms of relief are unavailable due to a party's absence, meaningful relief can still be provided.

Mohl, 911 P.2d at 220. We recognize there may be cases in which partitioning all of the lands of the original cotenancy in one action may be necessary to avoid prejudice and afford the parties complete relief; however, this is not such a situation. In looking at the

pleadings and supporting documents, we conclude that joining Stone and partitioning both tracts in the same action is not necessary to provide the parties meaningful relief.

Gremaux argues that the value of the two tracts is linked to their joint use and that unless they are partitioned together, he will receive no "consideration for the value that one tract lends the other." The District Court noted at oral argument that "to accept that argument . . . [the court] would have to make a finding that because these two parcels of land, even though they are separate and distinct parcels, . . . were operated so closely together that one of them couldn't be partitioned equitably without the other being partitioned." Like this Court, the District Court was reluctant to apply a rule of law that would prohibit landowners from "parition[ing] anything without partitioning everything."

While historically these two tracts were used together, the facts presented in Green's affidavit do not support the argument that partitioning the tracts separately will decrease their value. Rather, these facts lead to a contrary conclusion. It is undisputed that Gremaux offered Green $150,000 for her one-half interest in both tracts, approximately $169 per acre. Green refused this offer and sold her half interest in the 138 acre tract alone for $103,000, approximately $1,493 per acre. Thus, Green received from Stone a per acre price of more than eight times that offered her by Gremaux. Further, the two tracts are not adjacent, but rather are located fifteen miles apart. Thus, there is no basis for concluding that Gremaux will be prejudiced or unable to obtain complete relief if the two tracts are not partitioned in one action.

Gremaux also argues that Stone is a necessary party under Rule 19(a)(2) because if the two tracts of land are not partitioned in the same action, he could incur double, multiple, or inconsistent obligations. Rule 19(a)(2) requires a person to be joined if that person:

claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rule 19(a)(2), M.R.Civ.P. (emphasis added). By focusing solely on the question of whether joining Stone is necessary to prevent double, multiple, or inconsistent obligations, Gremaux ignores the first of the two prerequisites to necessary joinder under Rule 19(a)(2). Clearly, for this rule to apply, the person who is sought to be joined as

a party must first claim an interest in the action. Here, Stone does not claim an interest in the partition of the 1,636 acre tract and, therefore, is not a necessary party under Rule 19(a)(2), M.R.Civ.P. We hold that the District Court was correct in concluding that Stone's joinder is not required as a matter of law.

2) Did attorney Stone violate the prohibition of champerty codified at 37-61-408, MCA, by purchasing an interest in land owned by his client Green knowing that Green and her cotenant, Gremaux, had been unable to agree to terms for the sale or lease of her interest?

Gremaux also alleges that Stone committed champerty by purchasing Green's one-half interest in the 138 acre tract with knowledge of the dispute between Green and Gremaux. At common law, a non-party who agreed to pay the expenses of a party's suit in return for a portion of the recovery was guilty of the crime of champerty. State ex rel. Oklahoma Bar Ass'n v. Smolen (Okla. 1992), 837 P.2d 894, 897. Champerty was prohibited to prevent attorneys from stirring up litigation or from becoming involved in a lawsuit solely for personal economic benefit. Smolen, 837 P.2d at 897. Today, the common law prohibition of champerty is codified at 37-61-408, MCA. This section states, in relevant part:

(1) An attorney and counselor must not directly or indirectly buy or be in any manner interested in buying a bond, promissory note, bill of exchange, book debt, or other thing in action with the intent and for the purpose of bringing an action thereon.

(2) An attorney and counselor must not, by himself or by or in the name of another person, either before or after action brought, promise or give or procure to be promised or given a valuable consideration to any person as an inducement to placing or in consideration of having placed in his hands or in the hands of another person a demand of any kind for the purpose of bringing an action thereon.

Section 37-61-408, MCA.

Since its enactment, this Court has had few opportunities to apply this statute. We did address the question of champerty in Lussy v. Bennett (1984), 214 Mont. 301, 692 P.2d 1232, and Gremaux contends that our holding in Lussy controls here. In Lussy, Henry and Dyane Lussy built a house on Lot A. Subsequently, realizing that their house encroached upon the adjacent land, Lot B, the Lussys purchased Lot B as well. Lussy, 692 P.2d at 1234. The Lussys executed a trust deed on Lot A with Defendant First Federal Savings and Loan as beneficiary. The trust deed did not mention Lot B or the house thereon. After First Federal foreclosed the trust deed, the Lussys, joined by Henry's brother Richard, an attorney, filed a pro se complaint in the district court to remove the "trespassing house" that encroached on their land, Lot B. Lussy, 692 P.2d at 1235.

After the district court found that Henry was the only proper party to the action, Henry conveyed his interest in Lot B to Richard, making Richard the real party in

interest and giving him the right to bring the suit on his own behalf. Lussy, 692 P.2d at 1235.

Richard filed another complaint, but the district court dismissed the case as champertous and frivolous. Lussy, 692 P.2d at 1235-36. This Court upheld the district court, and essential to our holding was the fact that Richard admitted that he acquired title to Lot B solely for the purpose of bringing an action and dividing the proceeds among his remaining family members. Lussy, 692 P.2d at 1235.

Gremaux argues that, as in Lussy, this dispute centers around two pieces of property that have been traditionally used together and that Green and Gremaux were involved in a dispute involving the land before Stone purchased Green's interest in the 138 acre tract. Because Stone purchased "his client's interest with a full understanding of the animosity between Gremaux and Green," Gremaux asks us to hold that he purchased a demand with an intent to bring an action thereon. We determine that this is not the type of transaction 37-61-408, MCA, was meant to prohibit.

Section 37-61-408, MCA, is designed to prevent attorneys from bringing or becoming involved in litigation for their personal economic benefit. In Lussy, Richard bought the land from his brother after the district court found that he was not a proper party to the action. Lussy, 692 P.2d at 1235. Richard admitted that he had acquired an interest in the land so that he could refile the action and share in the proceeds of the litigation. In this case, the District Court found no evidence that Stone purchased Green's interest with the intent of bringing an action against Gremaux. At the time of the transfer, no litigation had been filed, and until Stone was brought into the present suit, he was not a party to any litigation relating to the property he purchased from Green.

We agree with the District Court's conclusion that, as a matter of law, Gremaux's third-party complaint failed to state a claim under 37-61-408, MCA.

Based on the foregoing, we affirm the decision of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER