T.C. Memo. 2015-35

UNITED STATES TAX COURT

RICHARD CHARLES LUSSY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20898-13.                         Filed March 3, 2015.

Richard Charles Lussy, pro se.

<u>Brandon S. Cline</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>:  Respondent (Internal Revenue Service or IRS)

determined deficiencies in petitioner's 2010 and 2011 Federal income tax of

$2,340 and $3,025, respectively.  The issues for decision are:  (1) whether

petitioner is entitled to various deductions claimed on Schedules C, Profit or Loss

From Business, for 2010 and 2011 in excess of those the IRS allowed; (2) whether

**[*2]** petitioner is entitled to deductions claimed on Schedule A, Itemized

Deductions, for 2010; and (3) whether petitioner is entitled to a net operating loss

(NOL) carryforward for 2010.

All Rule references are to the Tax Court Rules of Practice and Procedure,

and all section references are to the Internal Revenue Code in effect for the years

at issue. All monetary amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts and exhibits have been deemed established for purposes

of this case in accordance with Rule 91(f).[1] We incorporate these facts into our

findings by this reference. Petitioner resided in Florida on the date his petition

was filed.

---

[1]On August 27, 2014, the IRS filed a motion to show cause why proposed facts and evidence should not be accepted as established under Rule 91(f). Attached thereto was a proposed stipulation of facts. By order dated September 2, 2014, the Court granted the IRS' motion and ordered petitioner to file a response thereto in compliance with the provisions of Rule 91(f)(2), showing why the facts and evidence set forth in the IRS' proposed stipulation of facts attached to the motion should not be deemed accepted as established for purposes of this case. On September 26, 2014, petitioner submitted a letter to the Court in response to the Court's September 2, 2014, order. Petitioner's letter was not fairly directed to the IRS' proposed stipulation of facts and was evasive. Accordingly, the Court made its order to show cause absolute and deemed established the facts and evidence set forth in the IRS' proposed stipulation of facts.

[*3] I. Background

During 2010 and 2011 (years at issue) petitioner was self-employed as a real estate appraiser, operating his business, Richard Lussy & Associates, in Florida as a sole proprietorship. During 2010 he also worked for the U.S. Census Bureau as an employee.

II. 2010 and 2011 Returns

Petitioner timely filed Forms 1040, U.S. Individual Income Tax Return, for 2010 and 2011. He attached to each of these returns a Schedule C on which he reported his gross income and expenses from his appraisal activities.

On his 2010 Schedule C petitioner reported gross income of $22,015 and expenses of $46,304, resulting in a loss of $24,289. On his 2011 Schedule C petitioner reported gross income of $21,550 and expenses of $73,563, resulting in a loss of $52,013. Petitioner's expenses for both 2010 and 2011, as reported on Schedules C, included the following:[2]

---

[2]Petitioner also deducted as expenses $1,188 and $1,000 for advertising in 2010 and 2011, respectively; $1,814 and $485 for car and truck in 2010 and 2011, respectively; and $2,861 for insurance in 2010. In the notice of deficiency, discussed infra, the IRS allowed these expenses as deductions, and with respect to advertising expenses allowed an amount greater than that claimed by petitioner. Further, for 2010 the IRS allowed petitioner an added deduction of $1,040 for taxes and licenses, and for 2011 the IRS allowed a nonclaimed deduction of $95 for utilities expenses.

[*4]

| Expense | 2010 | 2011 |
|---|---|---|
| Depreciation and sec. 179 | $1,188 | --- |
| Interest--other | 2,109 | $4,558 |
| Legal and professional services | 3,457 | 3,097 |
| Repairs and maintenance | 2,339 | 253 |
| Supplies | 8,012 | 852 |
| Taxes and licenses | 105 | 2,010 |
| Travel | 2,823 | --- |
| Utilities | 1,156 | --- |
| Other | --- | [1]61,308 |

[1]Petitioner's other expenses included $320 for postage, $623 for telephone, $57 for "Ford Tarus [sic] License Plate For Highway Use", $608 for medical, and $59,700 for "Business Carryforward".

Petitioner attached a Schedule A to his 2010 return, claiming $84,473 of total itemized deductions. These itemized deductions included $912 for medical and dental expenses, $15 for tax preparation fees, and $83,546 for other miscellaneous itemized expenses.[3] The $83,546 of other miscellaneous itemized expenses included the following:

| Expense | Amount |
|---|---|
| Attorney and accounting fees | $3,457 |
| Business property appraisal bad debt | 59,700 |
| Business equipment and machines | 592 |
| Office copy expenses | 492 |
| Business postage | 389 |

---

[3]Petitioner reported negative adjusted gross income; thus, he did not reduce his medical and dental expenses or miscellaneous itemized deductions pursuant to sec. 213(a) or sec. 67, respectively.

[*5]

| | |
|---|---|
| Business telephone & adver. | 2,344 |
| Business reputation legal fees | 3,457 |
| Appraisal business education | 2,823 |
| Appraisal related interest paid | 4,679 |
| Home office | 2,912 |
| Business total miles 3,628 × $0.50 | 1,814 |
| Business insurance term | 822 |
| License plate--Tarus | 65 |

On his 2010 return petitioner reported an NOL carryforward of $59,700. Petitioner reported his total tax for both 2010 and 2011 to be zero and claimed a refund for each year.

III. Notice of Deficiency

On June 13, 2013, the IRS issued a notice of deficiency to petitioner for 2010 and 2011. With respect to petitioner's 2010 Schedule C, the IRS allowed him a deduction for each of the following: $95 for utilities, $1,145 for taxes and licenses, and $200 for supplies. The IRS disallowed all of petitioner's claimed deductions for depreciation and section 179, interest, legal and professional services, repairs and maintenance, and travel expenses.

With respect to petitioner's 2011 Schedule C, the IRS allowed him a deduction for each of the following: $1,165 for taxes and licenses and $200 for supplies. The IRS disallowed all of petitioner's claimed deductions for interest, legal and professional services, repairs and maintenance, and "other expenses".

**[\*6]**  The IRS also disallowed all of petitioner's claimed itemized deductions and claimed NOL for 2010.

OPINION

## I.  Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  However, under section 7491(a), the burden of proof may shift from the taxpayer to the Commissioner in certain circumstances.  Petitioner has not claimed nor shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.  Accordingly, the burden of proof remains with petitioner.

**[\*7]** II. Substantiation of Expenses[4]

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to all deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate the amount and purpose of the item deducted. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). And taxpayers are required to maintain records that are sufficient to enable the IRS to determine the taxpayer's correct tax liability. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. However, in certain circumstances, if a taxpayer establishes entitlement to a deduction, but not the amount thereof, the Court may estimate the amount allowable, Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), if the taxpayer provides some

---

[4]At trial petitioner asserted that he had provided "at least a ream of paper of expenses" to the IRS during the examination phase of his 2010 and 2011 returns and that his substantiating documentation was not "reviewed in a prudent due diligent manner". It is well established that a trial in the Tax Court is a proceeding de novo and the Court's determinations are to be based on the merits of the case, not on any previous record developed at the administrative level. See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974). Moreover, our standing pretrial notice, which was sent to petitioner, states that the "parties should bring to court all documents on which they intend to rely" and that "documents previously given to the IRS are not part of the record."

[*8] rational basis on which an estimate may be made, <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).

III. <u>Schedule C Deductions</u>

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". A trade or business expense is "ordinary" if it is normal or customary within a particular trade, business, or industry. An expense is "necessary" if it is appropriate and helpful for the development of the taxpayer's business. <u>Commissioner v. Heininger</u>, 320 U.S. 467, 471 (1943); <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940). Personal, living, or family expenses, however, are generally nondeductible. Sec. 262(a).

A. <u>Depreciation and Section 179 Expenses</u>

Petitioner deducted depreciation and section 179 expenses of $20,440 on his 2010 return. With respect to these expenses, petitioner testified that he "could have made a mistake", and he was unable to recall the exact nature of the expenses. Because petitioner failed to substantiate these expenses and failed to provide a reasonable basis on which to estimate the amount of expenses purportedly paid, we sustain the IRS' disallowance of the claimed deduction for depreciation and section 179 expenses for 2010.

**[*9]**  B.  Interest

Petitioner deducted interest expenses of $2,109 and $4,558 on his 2010 and 2011 returns, respectively.  He provided no testimony or substantiating documentation with respect to these expenses.  Accordingly, the IRS' disallowance of the interest deductions for 2010 and 2011 is sustained.

C.  Legal and Professional Services

Petitioner deducted legal and professional services expenses of $3,457 and $3,097 on his 2010 and 2011 returns, respectively.  He provided no substantiating documentation with respect to these expenses.  Rather, he testified that he incurred his legal and professional services expenses in connection with a securities fraud case that he and his father had filed against a law firm and a bank in the U.S. District Court for the District of Montana in 1978.  Petitioner maintains that he incurred legal expenses in 2010 and 2011 to "correct falsified public records" made by Florida State courts in connection with the 1978 case and to obtain judicial redress for purported erroneous statements made by the Supreme Court of Florida that petitioner believes caused him to lose an election for county property appraiser.[5]  Petitioner failed to show that the expenses claimed for the years at

---

[5]We are mindful that petitioner is litigious and has drawn the ire of a Federal court as "a disgruntled litigant", filing separate Federal cases against State

(continued...)

[*10] issue are ordinary and necessary business expenses.  To the contrary, because the character of the claim giving rise to these legal expenses is personal, the expenses are not deductible.  See Lussy v. Commissioner, T.C. Memo. 1995-393 (citing United States v. Gilmore, 372 U.S. 39, 49 (1963)), aff'd without published opinion, 114 F.3d 1201 (11th Cir. 1997).  Furthermore, petitioner failed to provide substantiating documentation to corroborate the claimed expenses.  Accordingly,  the IRS' disallowance of the claimed deductions for legal and professional services expenses for 2010 and 2011 is sustained.

D.  Repairs and Maintenance

Petitioner deducted repairs and maintenance expenses of $2,339 and $253 on his 2010 and 2011 returns, respectively.  He provided no testimony or substantiating documentation with respect to these expenses.  Accordingly, the IRS' disallowance of the claimed deductions for repairs and maintenance expenses for 2010 and 2011 is sustained.

---

[5](...continued)
and Federal judicial officers after they ruled adversely to him.  Lussy v. Haswell, 618 F. Supp. 1360, 1360 (D. Mont. 1985).  Also, petitioner has been enjoined from proceeding pro se in any Montana court without obtaining leave to file or proceed.  Lussy v. Bennett, 692 P.2d 1232, 1234 (Mont. 1984).  Furthermore, the Supreme Court of Florida directed the Clerk of the Court to reject civil filings from him unless signed by a member of the Florida bar.  Lussy v. Fourth Dist. Court of Appeal, 828 So. 2d 1026 (Fla. 2002).

[*11] E. Supplies

Petitioner deducted supplies expenses of $8,012 and $852 on his 2010 and 2011 returns, respectively. The IRS allowed petitioner to deduct $200 of these expenses for 2010 and 2011 but disallowed deductions for the remaining claimed expenses. With respect to all the expenses claimed, petitioner testified that they were "probably computer and applications and printers and odd things like that." He offered no substantiating documentation to corroborate his testimony. Accordingly, the IRS' determination with regard to this issue is sustained.

F. Taxes and Licenses

Petitioner deducted taxes and licenses expenses of $2,010 on his 2011 return. The IRS disallowed a deduction for $845 of the amount claimed. Petitioner provided no testimony or substantiating documentation with respect to these expenses. Accordingly, the IRS' determination with regard to this issue is sustained.

G. Travel

Petitioner deducted travel expenses of $2,823 on his 2010 return. Section 162(a)(2) permits taxpayers to deduct traveling expenses, including amounts expended for lodging and meals, if such expenses are: (1) ordinary and necessary; (2) incurred while away from home; and (3) incurred in the pursuit of a trade or

**[*12]** business. See Commissioner v. Flowers, 326 U.S. 465, 470 (1946).

Generally, no deduction is allowed for traveling expenses unless the taxpayer

meets stringent substantiation requirements. Sec. 274(d); Sanford v.

Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).

Section 274(d) permits a deduction for these items only if the taxpayer

substantiates through adequate records or corroborative evidence of his own

statement: the amount of the expense, the time and place of the expense, and the

business purpose of the expense. A taxpayer satisfies the "adequate records" test

if he/she maintains an account book, a diary, a log, a statement of expense, trip

sheets, or similar records prepared at or near the time of the incurrence of the

expenditure and documentary evidence of certain expenditures, such as receipts or

bills, that show each element of each expenditure or use. See sec. 1.274-5T(c)(2),

Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In the absence

of adequate records to establish each element of an expense under section 274(d),

a taxpayer may alternatively establish each element: "(A) By his own statement,

whether written or oral, containing specific information in detail as to such

element; and (B) By other corroborative evidence sufficient to establish such

element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg.

46020 (Nov. 6, 1985).

[*13] Petitioner testified that he paid deductible expenses in 2010 in traveling to attend continuing education courses. He did not submit a log or other corroborating evidence that shows the elements required under section 274(d). We therefore sustain the IRS' disallowance of the claimed deduction for travel expenses for 2010.

### H. Utilities

Petitioner deducted utilities expenses of $1,156 on his 2010 return. The IRS disallowed all but $95 of these deductions. Petitioner provided no testimony or substantiating documentation with respect to the expenses. We therefore sustain the IRS' determination on this issue.

### I. Other Expenses

Petitioner deducted "other expenses" of $61,308 on his 2011 return. Petitioner's other expenses consist of: $320 for postage; $623 for telephone; $57 for "Ford Tarus License Plate For Highway Use"; $608 for medical; and $59,700 for "Business Carryforward". Petitioner provided no testimony or substantiating documentation with respect to these expenses. Furthermore, the amount claimed as a business carryforward appears to be duplicative of the claimed NOL, discussed infra, that petitioner claimed elsewhere on his Form 1040. Accordingly,

[*14] we sustain the IRS' disallowance of the claimed deduction for "other expenses" for 2011.

IV. Schedule A Expenses

Petitioner deducted on his 2010 Schedule A $84,473 of itemized deductions, consisting primarily of an $83,561 deduction for miscellaneous itemized expenses. A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The term "trade or business" used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Most of petitioner's claimed itemized deductions appear to relate to his appraisal business, not to his employment by the U.S. Census Bureau. See Kant v. Commissioner, T.C. Memo. 1997-217 (discussing the differences between Schedule C above-the-line and Schedule A below-the-line deductions), aff'd without published opinion, 172 F.3d 859 (3d Cir. 1998). In any event, petitioner provided no testimony or substantiating documentation with respect to the claimed itemized deductions. We therefore sustain the IRS' disallowance of the claimed itemized deductions for 2010.

**[\*15]** V.  <u>NOL</u>

Petitioner deducted on his 2010 Form 1040 $59,700 for an NOL carryforward.  Section 172 allows an NOL deduction to a taxpayer equal to the total of the NOL carryforwards and carrybacks to the year.  Sec. 172(a).  Absent an election to the contrary, NOLs may to be carried back to the 2 prior years, and if not fully absorbed, are to be carried forward to subsequent years, up to a maximum of 20 years.  <u>Id.</u> subsec. (b)(1)(A), (2), and (3).  Taxpayers bear the burden of establishing both the existence and amounts of NOL carrybacks and carryforwards.  Rule 142(a); <u>Keith v. Commissioner</u>, 115 T.C. 605, 621 (2000).  Petitioner provided no testimony pertaining to the NOL claimed on his 2010 return, nor did he offer any testimony or substantiating documentation with respect to the proper amount of the purported NOL.  Accordingly we sustain the IRS' disallowance of the claimed deduction for the NOL carryforward for 2010.

We have considered all arguments and contentions advanced by petitioner.  To the extent not herein addressed, we consider them not relevant or meritless.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.