RICHARD C. LUSSY, Plaintiff and Appellant, v. MARK S. DAVIDSON, and the law firm of Williams, Lanza, Kastner & Gibbs, Arden C. McClelland, and the law firm of McClelland Law Offices, P.C., Defendants and Respondents.

No. 84-76.
Feb. 29, 1984.
683 P.2d 915.

SUMMARY OPINION

PER CURIAM:

This is an appeal from a summary judgment arising from an action filed in the Third Judicial District, County of Deer Lodge, Montana. Appellant filed a legal malpractice action in which plaintiff alleged defendant attorneys were

negligent in their defense of plaintiff in a prior libel action.

Richard Lussy and his father, Henry Lussy, became involved with other investors in a townhouse project in Anaconda, Montana, during the 1970s. Financial difficulties ensued and litigation among the investor partners and between the partners and the principal lender for the development occurred.

Lussy filed a claim against some of the co-investors alleging securities violations with actions pending in state and federal court. Sometime during the litigation, Lussy made certain statements which generally accused a banker, Frank Bennett, and Wade Dahood of improperly handling the estate of Ben Gwynn. Gwynn was one of the investors in the townhouse development. The statement accused the banker and attorney of depriving the decedent's widow of the fee payable to a personal representative of the estate. Dahood sued Lussy in state court for the libelous statement. During the litigation, attorneys Davidson and McClelland, defendants in the present action, represented Lussy.

The alleged malpractice arose when defendants failed to introduce certain evidence in support of the defense of truth. The evidence did not come about until nearly a year after the publication of the defamatory statement.

Defendants moved for summary judgment, oral argument was heard and the Deer Lodge County District Court issued an order granting defendant's motion December 20, 1983.

The issue presented on appeal is: Did the District Court properly grant defendants' motion for summary judgment in a legal malpractice suit in which the alleged malpractice consisted of attorneys' refusal to introduce evidence in support of the defense of truth that post-dated the defamatory statement?

Appellant Richard Lussy is no stranger to this Court. Mr. Lussy did not oppose defendants' motion for summary judgment with supporting affidavits or memorandum. Instead, he chose to move for summary judgment himself. In the words of Judge Sullivan, this motion and accompanying

brief "amount to little more than incoherent rambling."

The law concerning introduction of evidence in support of a defense of truth to a defamation action is well settled. The truth of the defamatory statement must be determined at the time the statement was made. Therefore, the evidence on which appellant bases his malpractice suit was not admissible even if his attorneys had attempted to introduce it.

We find appellant's pro se brief incoherent for all practical legal purposes and does not merit further consideration. The motion for summary judgment was properly granted by Judge Sullivan.

The appeal is frivolous and so lacking in merit that it is denied summarily.

MR. JUSTICES HARRISON, SHEEHY, WEBER, and GULBRANDSON concur.

MR. CHIEF JUSTICE HASWELL did not participate in this decision.