**Richard C. LUSSY, Plaintiff,**

**v.**

**Justice Frank I. HASWELL, Justice John Conway Harrison, Justice Daniel J. Shea, Justice John C. Sheehy, Justice Fred J. Weber, Justice L.C. Gulbrandson, Justice Frank Morrison Jr., Judge Joseph B. Gary, Judge Arnold Olsen, Judge Henry Loble, Judge Mark P. Sullivan, Judge Robert J. Boyd, Chief Judge James F. Battin, Defendants.**

**Nos. CV 84–162–BU to CV 84–174–BU.**

United States District Court,
D. Montana,
Butte Division.

Oct. 2, 1985.

---

## OPINION AND OMNIBUS ORDER

LOVELL, District Judge.

Plaintiff is a disgruntled litigant who has filed these 13 separate federal cases against the named state and federal judicial officers, each of whom has ruled adversely to him in previous suits.[1] The 13 complaints are basically the same pleading adapted to each factual circumstance. Exhibits indicate the complaints are similar to dozens of other suits filed by Plaintiff against lawyers and federal and state judges in Montana and Washington as well as judges of the Ninth Circuit Court of Appeals.

Plaintiff generally accuses each judicial officer of "Justinhoard", a term he considers as essentially the act of hoarding justice for the benefit of judges and lawyers, and to the exclusion of others. The complaints contain language which seems defamatory to each Defendant and which attacks the entire American system of justice.

These cases are before the Court on the question of whether the complaints state claims upon which relief may be granted. The Court has jurisdiction under 28 U.S.C. § 1343.

The acts complained of were plainly taken by each Defendant in his capacity of judicial officer and within the respective jurisdiction of each judge or justice. Clearly no Defendant has the ability to make and enter orders against Plaintiff except in the capacity of judicial officer.

The issue here really is whether judicial decisions rendered within a Court's jurisdiction subject the judge to the wrath of the losing litigant's suit. Centuries of common law decisions establishing absolute judicial immunity in such cases answer in the negative. Speaking to this very point, the United States Supreme Court said:

Lorraine Gallenger, Asst. U.S. Atty., Billings, Mont., for Chief Judge James F. Battin.

J. Michael Young, Sp. Asst. Atty. Gen., Dept. of Admin., Ins. and Legal Div., Helena, Mont., for Justices Haswell, Harrison, Sheehy, Weber, Gulbrandson, Morrison, and Judges Gary and Loble.

Allen B. Chronister, Asst. Atty. Gen., Agency Legal Services Bureau, Legal Services Div., Dept. of Justice, Helena, Mont., for Justice Shea, and Judges Arnold Olsen, Sullivan and Boyd.

---

1. Each complaint seeks damages and other relief. For example, the prayer in CV 84–174–BU demands judgment "[A]gainst the named defendant as named in his official capacity for judgment on Counts I and II determining the actions were improper and in error"; "punitive damages" of $26,433,000; "three years in jail with no TV," and other relief. In CV 84–174–BU, Plaintiff complains of Judge Battin because he dismissed the complaint in CV 84–59 wherein Lussy had sued Judge Paul G. Hatfield. The principal basis of Lussy's suit against Judge Hatfield was that he had dismissed Lussy's suit against one Verwolf and others.

This immunity ... "is not for the protection or benefit of a ... judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (*Scott v. Stansfield*, LR 3 Ex 220, 223 (1868), quoted in *Bradley v. Fisher*, supra [13 Wall 335] 349; note, at 350, 20 L.Ed. at [646] 650 [1872].) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. *His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.* (Emphasis supplied.)[2]

Thus plaintiff's complaints wholly fail to state legal claims for relief. Moreover, these complaints are not merely defective statements of claims (possibly curable by amendment) but rather are statements of defective claims. Accordingly, dismissal with prejudice is required.

Plaintiff apparently has a bent to sue every judge who decides a case against him. It isn't clear whether Plaintiff's motive in such suits is punishment or future intimidation, but it does appear that he has abused the justice system. The taxpayers ought not be penalized by such abuse.

■ Rule 11, Fed.R.Civ.P. provides for the award of fees and expenses against a party signing a complaint that is "not warranted by ... law ..." or is "interposed for any improper purpose, such as to ha-

rass...." I find the Plaintiff's complaints in each of these actions fall within the quoted portions of Rule 11 and that Plaintiff's violations are of such severity as to mandate imposition of sanctions against him. I further find that an award of $500 costs and fees in each captioned case is a reasonable sanction to recompense Montana and the United States, respectively, for their costs of defense.

IT IS HEREBY ORDERED that each captioned case is dismissed with prejudice to the Plaintiff, and

IT IS FURTHER ORDERED that the clerk shall forthwith enter final judgment of dismissal in each captioned case and that each shall provide that the named Defendant have judgment against Plaintiff for the benefit of each Defendant's Sovereign for the sum of $500.

---

**2.** *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 294 (1967). Cases to the contrary are clearly distinguishable and are based on special circumstances not present here. For example, attorneys' fees were awarded in a civil rights suit against a state magistrate who incarcerated several individuals who were waiting trial for nonjailable offenses—an action clearly in contravention of the magistrate's jurisdiction. *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed. 565 (1984). *Pulliam*, however, did not overrule the settled principle that

judges are absolutely immune from liability for damages for acts committed within their judicial capacity. *Sunn v. Dean*, 597 F.Supp. 79, 83 (N.D.Ga.1984). Other limited exceptions to the doctrine of judicial immunity have been carved out by federal courts, *Dykes v. Hosemann*, 732 F.2d 1488 (11th Cir.1984), *Richardson v. Koshiba*, 693 F.2d 911 (9th Cir.1982); however, there is even movement underway to eliminate these exceptions to the doctrine. *See*, Reynoldson, *The Erosion of Judicial Immunity*, 69 Judicature, No. 2, 114 (1985).