828 So.2d 1026 (2002)
Rick C. LUSSY, Petitioner,
v.
FOURTH DISTRICT COURT OF APPEAL, etc., et al., Respondents.
Richard C. Lussy, etc., Petitioner,
v.
John Fenniman, etc., et al., Respondents.
Nos. SC01-849, SC01-933.
Supreme Court of Florida.
September 26, 2002.
Arthur Brandt, Palm Beach Gardens, FL, for Petitioner.
No Appearance for Respondent.
PER CURIAM.
In April, 2001, Rick C. Lussy, also known as Richard C. Lussy, petitioned this Court for writs of mandamus against the Fourth District Court of Appeal and others and John Fenniman and others. We consolidated these related cases and, on December 20, 2001, issued an order to show cause, dismissing the petitions as facially insufficient and requiring Lussy to show cause why he should not be prospectively denied the right to file pro se petitions with this Court.[1] On January 11, *1027 2002, Lussy filed his "Reply & Motion To Strike Show Cause Order." The Court hereby denies the motion to strike and imposes sanctions on Lussy for his continued abuse of the judicial system.
Abuse of the legal system is a serious matter, one that requires this Court to exercise its inherent authority to prevent. As we held in Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998): "This Court has a responsibility to ensure every citizen's access to courts. To further that end, this Court has prevented abusive litigants from continuously filing frivolous petitions, thus enabling the Court to devote its finite resources to those who have not abused the system."
Although rare, we have not hesitated to sanction petitioners who abuse the legal process by requiring them to be represented by counsel in future actions. In Jackson v. Florida Department of Corrections, 790 So.2d 398 (Fla.2001), the sanction of requiring a member of The Florida Bar to sign all of petitioner's filings with this Court and dismissing all other pending cases was imposed on a litigious inmate who repeatedly filed frivolous lawsuits that disrupted the Court's proceedings. In Martin v. State, 747 So.2d 386, 389 (Fla. 2000), the sanction was imposed against a petitioner who, like Lussy, repeatedly filed lawsuits that included personal attacks on judges, were "abusive," "malicious," "insulting," and demeaning to the judiciary. In Attwood v. Singletary, 661 So.2d 1216 (Fla.1995), the petitioner was sanctioned for filing numerous frivolous petitions, including one that was filed shortly after the Court's order to show cause was issued.
Like the individual in Attwood, Lussy has abused the processes of this Court with his constant filings. Accordingly, a limitation on Lussy's ability to file would further the constitutional right of access because it would permit this Court to devote its finite resources to the consideration of legitimate claims filed by others. See generally In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (finding that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources").
Ours is not the only judicial system that Lussy has assaulted. In the 1980s, he *1028 erroneously filed meritless claims in the State of Montana. In Lussy v. Davidson, 210 Mont. 353, 683 P.2d 915, 915-16 (1984), the court found: "Appellant Richard Lussy is no stranger to this Court.... In the words of Judge Sullivan, this motion and accompanying brief `amount to little more than incoherent rambling.'" In Lussy v. Bennett, 214 Mont. 301, 692 P.2d 1232, 1234 (1984), the same court indicated that it had issued a restraining order against Lussy, "enjoining him from proceeding pro se in any Montana court without requesting a leave to file or proceed, and staying all pending actions brought by him pro se." The court further commented:
Richard C. Lussy, by his various pro se actions, has caused the courts of Montana some considerable difficulty. He has sued judges, attorneys and others left and right, charging conspiracies, abuse of "Justinhoard," and expounding like theories of law. While his misdirected efforts have caused the courts difficulty, the real tragedy is that he has cost himself a considerable amount of money and wasted time in his vain pursuits. However much we desire to keep the courts open to all persons seeking to adjust their rights, duties and responsibilities, we must also take into account the effect that his actions bring on other parties to his suits.
Id. at 1236.
Lussy's abuse of the judicial system has drawn the ire of at least one federal court as well. In Lussy v. Haswell, 618 F.Supp. 1360, 1360 (D.Mont.1985), the court found Lussy to be "a disgruntled litigant who has filed these 13 separate federal cases against the named state and federal judicial officers, each of whom has ruled adversely to him in previous suits." In Haswell, the court ordered Lussy to pay his opponents' litigation fees and expenses as a sanction for his abuse of the justice system.
As we said in Attwood: "We find that Petitioner's pro se activities before this Court have substantially interfered with the orderly process of judicial administration...." Therefore, we deny Lussy's motion to strike our show cause order and direct the Clerk of this Court to reject any civil filings from Lussy unless signed by a member of The Florida Bar. Any other cases that may be pending in this Court in which Lussy is proceeding pro se will be dismissed unless a notice of appearance signed by a member in good standing of The Florida Bar is filed in each case within thirty days of this opinion becoming final.
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
NOTES
[1] In addition to the pleadings and papers filed in these consolidated cases, Lussy has filed similar pleadings in the following related cases: Lussy v. Fourth District Court of Appeal, 791 So.2d 1099 (Fla.2001) (review denied); Lussy v. Fourth District Court of Appeal, 773 So.2d 56 (Fla.2000) (appeal dismissed); Lussy v. Fenniman, 770 So.2d 159 (Fla.2000) (appeal dismissed); Lussy v. Fenniman, 767 So.2d 458 (Fla.2000) (appeal dismissed); Lussy v. Fenniman, 766 So.2d 222 (Fla.2000) (review denied); Lussy v. Buob, 766 So.2d 222 (Fla.2000) (prohibition dismissed); Lussy v. Fenniman, 753 So.2d 565 (Fla.2000) (appeal dismissed); Lussy v. Fenniman, 749 So.2d 503 (Fla. 1999) (appeal dismissed). These cases were dismissed for lack of jurisdiction or because of facial insufficiency. Additionally, he has filed with this Court numerous actions unrelated to the present cases, all of which have been dismissed, as follows: Lussy v. Schmock, 799 So.2d 218 (Fla.2001); Lussy v. Schmock, 794 So.2d 605 (Fla.2001); Lussy v. City of Stuart, 780 So.2d 914 (Fla.2001); Lussy v. Schmock, 780 So.2d 914 (Fla.2001); Lussy v. City of Stuart, 773 So.2d 56 (Fla.2000); Lussy v. Schmock, 751 So.2d 51 (Fla. 1999); Lussy v. City of Stuart, 744 So.2d 455 (Fla. 1999); Lussy v. City of Stuart, 732 So.2d 327 (Fla. 1999); Lussy v. Schmock, 760 So.2d 947 (Fla. 1999); Lussy v. Schmock, 762 So.2d 917 (Fla. 1999); Lussy v. City of Stuart, 717 So.2d 534 (Fla.1998); Lussy v. City of Stuart, 707 So.2d 1125 (Fla. 1998); Lussy v. City of Stuart, 705 So.2d 902 (Fla.1998); Lussy v. Kaufman, 697 So.2d 1217 (Fla. 1997); Lussy v. Gorny, 654 So.2d 131 (Fla.1995); Lussy v. Gorny, 639 So.2d 979 (Fla. 1994); Lussy v. Gorny, 624 So.2d 267 (Fla. 1993). Subsequent to our issuance of the order to show cause, Lussy filed another pro se action with this Court, Lussy v. Damsel, No. SC02-1088 (Fla. petition filed May 8, 2002).