PER CURIAM.
We reverse the trial court’s order to the extent it bars Appellant Michele Frye Hendrixson from filing any future pleadings not signed by a member in good standing with the Florida Bar because the trial court failed to give appellant notice and an opportunity to be heard before ordering the prohibition. See, e.g., Tasse v. Simpson, 842 So.2d 793, 796 (Fla.2003); Lussy v. Fourth Dist. Court of Appeal, 828 So.2d 1026, 1026-27 (Fla.2002); Jackson v. Fla. Dep’t of Corr., 790 So.2d 398, 399 (Fla.2001); Johnson v. Wilbur, 981 So.2d 479, 480 (Fla. 1st DCA 2008); Favreau v. Favreau, 940 So.2d 1188, 1189 (Fla. 5th DCA 2006); see also State v. Spencer, 751 So.2d 47, 48-49 (Fla.1999) (recognizing that “denying a pro se litigant the opportunity to file future petitions is a serious sanction” and holding that “it is important for courts to first provide notice and an opportunity to respond” in order to protect the litigant’s right of access to the courts and provide appellate courts with “an enhanced ability to determine whether [any subsequent] denial of access is an appro *1256 priate sanction under the circumstances”). The order on appeal is affirmed otherwise.
BROWNING, C.J., WOLF, and BENTON, JJ., concur.