PER CURIAM.
 

 The order on appeal addresses unauthorized and successive post-judgment motions and therefore is not appealable under Florida Rule of Appellate Procedure 9.130(a)(4),
 
 see Intercoastal Marina Towers, Inc. v. Suburban Bank,
 
 506 So.2d 1177, 1178-79 (Fla. 4th DCA 1987). We therefore limit our review to the single paragraph of the order below. That paragraph stated appellant “is hereby prohibited from filing any further pleadings alleging that he was not properly served in this proceeding unless such pleading is certified by a member of the Florida Bar as being made in good faith.”
 

 While a trial court has the authority to impose such a sanction where a litigant’s avalanche of filings has prevented the court from “devot[ing] its finite resources to the consideration of legitimate claims filed by others,”
 
 Lussy v. Fourth District Court of Appeal,
 
 828 So.2d 1026, 1027 (Fla.2002), this record does not show whether appellant was provided the requisite notice and opportunity to be heard before imposition of the sanction.
 
 See Hendrixson v. Frye,
 
 994 So.2d 1255, 1255 (Fla. 1st DCA 2008) (citing
 
 State v. Spencer,
 
 751 So.2d 47, 48-49 (Fla.1999) (recognizing that “denying a pro se litigant the opportunity to file future petitions is a serious sanction” and holding that “it is important for courts to first provide notice and an opportunity to respond” in order to protect the litigant’s right of access to the courts and provide appellate courts with “an enhanced ability to determine whether [any subsequent] denial of access is an appropriate sanction under the circumstances”)). Con
 
 *1137
 
 sequently, we remand this case with instructions that the trial court issue an order to show cause why the sanction should not be imposed and allow appellant a reasonable time to respond.
 

 REVERSED and REMANDED for further proceedings.
 

 VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.